WILLIAM HENKEL, JR., as Trustee of JOSEPH NEWMAN, Bankrupt, Respondent, *v.* CARNEGIE TRUST COMPANY et al., Appellants.

ROBERT C. MORRIS, as Receiver of SIMON LINDAU, Trading under the Firm Name of S. LINDAU & COMPANY, Bankrupt, Respondent, *v.* CARNEGIE TRUST COMPANY et al., Appellants.

Banking Law — trust companies designated as depositaries for moneys paid into court — insolvency of such a company — preference in payment for money held by it under orders of courts of this state — when no preference extends to money of bankrupt estates deposited with company under orders of United States courts.

. 1. A declaratory statute cannot control the definition of rights that have accrued before its adoption. The construction of previous statutes, to the extent that they affect such rights, is the function of the courts.

2. Trust companies, designated for that purpose by the comptroller of the state, have the right under the Banking Law (Cons. Laws, ch. 2, § 186, subds. 6, 11; § 189) to act as depositaries of money paid into court, and debts so incurred are entitled to a preference. (§ 190.) A trust company, now insolvent and in liquidation, was designated as an authorized depositary by the state comptroller.

# 186    HENKEL v. CARNEGIE TRUST CO.

It was also designated by the United States District Court as an authorized depositary for the money of bankrupt estates, and to that end was required by the bankruptcy court to execute a bond in a prescribed sum to the People of the United States. *Held*, that the statutory provisions apply only to moneys paid or brought into court through the order or judgment of a court of this state and under the title of the Code of Civil Procedure regulating that subject, and its provisions must be so limited. Hence, the bankrupt estate is not entitled to a preference.

*Henkel* v. *Carnegie Trust Co.*, 154 App. Div. 596, reversed.

*Morris* v. *Carnegie Trust Co.*, 154 App. Div. 596, reversed.

(Argued November 18, 1914; decided December 1, 1914.)

APPEAL in each of the above-entitled actions from a judgment, entered February 8, 1913, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George A. Blauvelt, Frank M. Patterson* and *John B. Loughborough* for appellants. The deposits by the plaintiffs in the defendant Carnegie Trust Company were general deposits, and as such are not entitled to priority in payment under the principles of the common law. (*Officer* v. *Officer*, 120 Iowa, 389; *O'Connor* v. *Mechanics Bank*, 124 N. Y. 324; *Paul* v. *Draper*, 158 Mo. 197; *Fletcher* v. *Sharpe*, 108 Ind. 276; *McAfee* v. *Bland*, 11 Ky. L. R. 1; *Brown* v. *Sheldon State Bank*, 117 N. W. Rep. 289; *Butcher* v. *Butler*, 134 Mo. App. 61; *Hawkins* v. *Cleveland Ry. Co.*, 89 Fed. Rep. 266; *Board of Education* v. *Union Trust Co.*, 136 Mich. 454; *Wetherell* v. *O'Brien*, 140 Ill. 146; *Matter of Western Marine & Fire Ins. Co.*, 38 Ill. 289; *Minard* v. *Watts*, 186 Fed. Rep. 245; *Matter of Bologh*, 185 Fed. Rep. 825.) The provisions of the Banking Law and Code of Civil Procedure do not create a right to priority in the payment of these

deposits. (*Riggs* v. *Palmer*, 115 N. Y. 506; *People ex rel.* ·
*F. A. B. Co.*, v. *Williams*, 198 N. Y. 238; *Matter of
Livingston*, 121 N. Y. 94; *Easton* v. *Iowa*, 188 U. S. 220.)

*Charles E. Rushmore* and *Guthrie B. Plante* for
respondents. Under the provisions of the Banking Law,
sections 186, 189 and 190, the plaintiffs are entitled to a
preference. (L. 1909, ch. 10, §§ 180–198.) The preference
given by section 190 of the Banking Law on the failure
of a designated depositary to "moneys paid into court"
deposited with it, applies to moneys paid into the Federal
courts, and is not confined to those cases of moneys paid
into court which are expressly provided for by the Code
of Civil Procedure. (*Cavender* v. *Cavender*, 114 U. S.
464; *March* v. *Romane*, 116 Fed. Rep. 355; *Kendall* v.
*De Forest*, 101 Fed. Rep. 167.) The District Court of
the United States for the Southern District of New
York is included in the words " any court of record " as
used in section 189 of the Banking Law. (*Collector* v.
*Hubbard*, 79 U. S. 1; *Simon* v. *Mann*, 33 Minn. 412;
*Matter of Kitson*, 45 Minn. 197; *Dickinson* v. *R. R. Co.*,
7 W. Va. 390.) Bankruptcy funds deposited by the plain-
tiffs and other trustees and receivers in the Carnegie
Trust Company, a designated depositary, were "moneys
brought into court by order or judgment of any court of
record," that is to say, by the order and judgment of the
United States District Court for the Southern District of
New York. (*Miller* v. *Nugent*, 184 U. S. 1; *Murphy* v.
*Hoffman Co.*, 211 U. S. 562; *Whitney* v. *Wenman*, 198
U. S. 539; *White* v. *Schloerb*, 178 U. S. 542; *Ex parte
Prescott*, 19 Fed. Cas. 1283.)

CARDOZO, J. Trust companies, designated for that
purpose by the comptroller of the state, have the right
under the Banking Law (L. 1909, ch. 10, section 186,
subds. 6 and 11, and section 189; Cons. Laws, ch. 2) to act
as depositaries of money paid into court. Debts incurred
as such depositaries are entitled to a preference. (Bank-

ing Law, section 190.)    The Carnegie Trust Company,
which is insolvent and in liquidation, was designated as
an authorized depositary by the state comptroller.    It was
also designated by the United States District Court as an
authorized depositary for the money of bankrupt estates,
and to that end was required by the bankruptcy court to
execute a bond in a prescribed sum to the People of the
United States.    (Bankruptcy Law, section 61.)    The plain-
tiffs are respectively the trustee and the receiver of estates
in bankruptcy.    The money which came into their hands
in the administration of their estates they deposited in the
Carnegie Trust Company.    The deposits were subject to
withdrawal by checks.    The question before us is whether
these deposits are moneys paid into court within the
meaning of the Banking Law, and as such entitled to a
preference.

By subdivision 6 of section 186 of the Banking Law a
trust company is authorized "to act under the order or
appointment of any court of record as guardian, receiver
or trustee of the estate of any minor, and as depositary of
any moneys paid into court, as provided by the Code of
Civil Procedure whether for the benefit of any such
minor or other person, corporation or party," and by sub-
division 11 of the same section, "No such corporation
shall receive funds and moneys paid or brought into court,
except it be designated by the comptroller of the state of
New York a depositary thereof."    These provisions apply,
in our judgment, to moneys paid or brought into court
through the order or judgment of a court of the state of
New York and under the title of the Code of Civil Pro-
cedure regulating that subject.    It may be that money
in the hands of a receiver is in the constructive custody of
the court, but it does not follow that it is money paid or
brought into court within the meaning of this statute.
When the legislature provided in subdivision 6 of section
186 that a trust company might act "as depositary of
any moneys paid into court, as provided by the Code of

Civil Procedure," it contemplated something more than authority to accept a deposit of money from a receiver appointed by a foreign tribunal. The capacity to accept deposits from such receivers was sufficiently conferred by subdivision 2 of the same section, authorizing a trust company " to receive deposits of trust moneys, securities and other personal property from any person or corporation." Something more, we think, was contemplated; and that something is very clearly stated in the statute; it is the right to be named by an order of the court as depositary of moneys brought into court under the Code of Civil Procedure. When we turn to that Code we find a title (Ch. 8, title 3, sections 743 to 754) which reads " Payment of money into court, and care and disposition thereof." That title is, of course, applicable to the courts of this state only. Its sections prescribe a comprehensive system of procedure. Section 743 provides that a party bringing money into court pursuant to the court's direction is discharged thereby from all further liability to the extent of the money so paid. Section 744 provides that the comptroller shall supervise the administration of court funds. Section 745 provides that all moneys paid into court shall be paid to the county treasurer, or in the city of New York to the chamberlain. Section 746 provides in effect that the county treasurer or chamberlain on receiving the moneys shall deposit them in such savings bank, trust company or bank as shall be designated by the comptroller. Section 751 provides that no money placed in the custody of the court shall be surrendered without the production of a certified copy of the order of the court, the order to be countersigned by the judge by whose direction it was made. It is a payment into court under the authority of these sections which was contemplated by the legislature when it gave capacity to trust companies to act as depositaries of moneys paid into court under the Code of Civil Procedure. That conclusion follows from the

language of subdivision 6 of section 186 when read according to its natural meaning. It is enforced by subdivision 11 of the same section. " No such corporation shall receive funds and moneys paid or brought into court, except it be designated by the comptroller of the State of New York a depositary thereof." If the statute is to receive the construction placed upon it in the prevailing opinion of the Appellate Division, a trust company of this state is prohibited, unless designated by the comptroller as a depositary, from opening a deposit account with a receiver appointed by the courts of another state or a foreign country. It may accept deposits from executors, trustees and guardians, but not from foreign receivers. That is a construction too unreasonable to be readily adopted. Read as part of the system prescribed by the Code of Civil Procedure for the protection of funds in the custody of our own courts, the prohibition is reasonable and harmonious. Interpreted as an interference with the right of receivers, though appointed in other jurisdictions, to make their own selection of depositaries, it is an anomalous intrusion.

We have thus far confined our consideration to the language of section 186. Stress is laid, however, by counsel for the respondents on the language of section 189: " All moneys brought into court by order or judgment of any court of record may be deposited with any such corporation, that has been designated by the Comptroller of the State of New York, as provided by the Code of Civil Procedure." It is argued that this provision enlarges the class of depositaries defined in subdivisions 6 and 11 of section 186. We think that such was neither its effect nor its purpose. To appreciate its true meaning, we must read it in the light of the context. When section 189 is read in its entirety, it will be found to add nothing to the powers of trust companies as enumerated in earlier sections. The earlier sections define the capacity of the corporation to accept and fulfill the trusts. This section defines the power of the courts to impose the trusts.

1914.]            Opinion, per CARDOZO, J.            [213 N. Y.]

The later section thus complements the sections that precede it. We shall see this if we follow its provisions one by one. The first sentence of section 189 is the following: "When any trust company is appointed executor in any last will or testament, the court or officer authorized to grant letters testamentary in this state shall, upon the proper application, grant letters testamentary thereon to such corporation." This provision was not intended to confer capacity on the corporation to act as executor. That had already been conferred by subdivision 10 of section 186 which authorizes a trust company "to be appointed and to accept the appointment of executor of or trustee under the last will and testament, or administrator with or without the will annexed, of the estate of any deceased person." Section 189 rounds out and perfects the scheme by making it the duty of the court to give effect to the appointment by the grant of letters testamentary. Such a command from its nature must be addressed to the courts of our own state only; and so, indeed, the section expressly limits it: "the court or other officer authorized to grant letters testamentary *in this state* shall, upon the proper application, grant letters testamentary thereon to such corporation." The succeeding sentences of the same section are addressed in the same way to our own tribunals. "When application is made to any court or officer having authority to grant letters of administration with the will annexed, upon the estate of any deceased person, and there is no person entitled to such letters who is qualified, competent, willing and able to accept such administration, such court or officer may at the request of any party interested in the estate, grant such letters of administration with the will annexed, to any such corporation." This complements the grant of capacity to accept such letters which had already been made in subdivision 10. The same purpose is revealed in the sentences that follow: "Any court or officer having authority to grant letters of guardianship of any infant, may

upon the same application as is required by law for the appointment of a guardian of such infant, appoint any such corporation as guardian of the estate of such infant." This complements the grant of capacity to act as guardian already made by subdivision 6 of section 186. "Any court having jurisdiction to appoint a trustee, guardian, receiver or committee of the estate of a lunatic, idiot or habitual drunkard, or to make any fiduciary appointment, may appoint any such corporation to be such trustee, guardian, receiver or committee, or to act in any other fiduciary capacity." This complements the grant of capacity to act in those relations already made by sub-. divisions 6, 7 and 10 of section 186. Then follows the sentence already quoted in relation to the power of the courts to appoint such corporations as depositaries. Considered as provisions affecting the power or capacity of the corporations themselves, not a sentence of section 189 adds anything to the previous sections. Considered as commands addressed to the courts, its provisions must be held to be limited to the courts of this state. (*Easton* v. *Iowa*, 188 U. S. 220.)

We pass from section 189 to section 190. It is here that we find the provision for a preference of funds held as a depositary. The opening sentence of that section again confirms the view that the statute is dealing with procedure in our own courts. "No bond or other security, except as hereinafter provided, shall be required from any such corporation for or in respect to any trust, nor when appointed executor, administrator, guardian, trustee, receiver, committee or depositary." Plainly this provision was not intended to control the judgment of foreign tribunals. The depositaries in view must have been those appointed by the courts of this state. As if to emphasize the distinction, we find that the bankruptcy court before appointing the Carnegie Trust Company its own depositary, did exact another bond in addition to the security prescribed by this provision. The section then continues:

" All investments of money received by any such corpora-
tion, and by any trust company chartered by special act,
prior to May eighteenth, eighteen hundred and ninety-
two, in either of such characters shall be at its sole risk
and for all losses of such money the capital stock, property
and effects of the corporation shall be absolutely liable,
unless the investments are such as the courts recognize as
proper when made by an individual acting as trustee,
executor, administrator, guardian, receiver, committee
or depositary, or such as are permitted in and by the
instrument or words creating or defining the trust.   If dis-
solved by the legislature or the court, or otherwise, the debts
due from the corporation as such executor, administrator,
guardian, trustee, committee or depositary shall have the
preference. "   The depositaries contemplated by this con-
cluding provision are the same depositaries contemplated
by earlier provisions of the same section and by the pro-
visions of sections 186 and 189.   The preference does not
include depositaries designated by the courts of other
jurisdictions.   It does not include deposits made by
receivers or like officers, except where the fund has been
brought into court within the meaning of chapter 8, title
3, of the Code of Civil Procedure.   Moneys held by a
receiver are in a sense in court, for they are held by the
court's officer, subject to its control, but the statute limits
the preference to payments brought into court under pre-
scribed conditions.   If that conclusion is at all doubtful
where the receiver has been appointed by our own courts,
we think it is not doubtful in any degree where the
receiver represents the courts of another jurisdiction.

We do not overlook the provisions of the new banking
law enacted since these cases were decided by the court
below.   (L. 1914, ch. 369.)   How far they have changed
the previously existing rule we need not now determine.
Section 188, subdivision 5, of that act provides that " all
moneys brought into court by order or judgment of any
court of record of this state, or of any other state or of

13

the United States, may be deposited with any such corporation that has been designated a depositary by the Comptroller of the State of New York, as provided by the Code of Civil Procedure." This is accompanied by important changes in the language of other sections affecting the powers of depositaries. The respondents argue that the statute as thus amended is declaratory. There is nothing to show that it was so intended. It may have expressed the belief of the legislature that a change was necessary. Indeed, it cannot have been thought to be declaratory, for it is limited to courts of a state or of the United States. The previous statute, if construed as the respondents would have it, extended to deposits made under the judgments of the courts of foreign countries. But even a declaratory statute cannot control the definition of rights that have accrued before its adoption. The construction of previous statutes, to the extent that they affect such rights, is the function of the courts.

The judgment of the Appellate Division in each case should be reversed and that of the Special Term affirmed, with costs in all courts.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK and HOGAN, JJ., concur: HISCOCK, J., not voting.

Judgments reversed, etc.