In the Matter of JAMES F. EGAN, as Administrator of the Estate of NANNY FRANK, Deceased, Respondent.

JOSEPH A. BRODERICK, as Superintendent of Banks, Appellant.

(Argued January 5, 1932; decided February 9, 1932.)

*Joseph F. Hunter, Warren C. Fielding, Arthur Ofner* and *Carl J. Austrian* for appellant. The order should be reversed as premature and for lack of jurisdiction. (Banking Law, §§ 72–78; *Matter of Carnegie Trust Co.*, 162 App. Div. 76.) Priority of payment should be denied on the merits, since petitioner's claim does not fall within any preferential statutory provision. (Banking Law, § 188, subd. 8; *Matter of Bond*, 232 App. Div. 468; *Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185; Civ. Prac. Act, §§ 133–137; State Finance Law, §§ 4, subd. 8, 44-c; *Madison Trust Co.* v. *Carnegie Trust Co.*, 215 N. Y. 475; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Rhodes* v. *Sperry & Hutchinson Co.*, 193 N. Y. 223; *People* v. *American Loan & Trust Co.*, 172 N. Y. 371.) Priority of payment should be denied on the merits since the alleged statutory preference applies only to the liquidation of a trust company and not to that of a bank. (*Madison Trust Co.* v. *Carnegie Trust Co.*, 215 N. Y. 475.)

*Albert Van Winkle* and *James J. Flood* for respondent. The Supreme Court may make a determination of preference or priority prior to the date fixed by the Superintendent of Banks for the presentation of claims. (Banking Law, § 78.)

HUBBS, J. The respondent is the Public Administrator of the county of New York, appointed by the Surrogates, pursuant to the provisions of chapter 230 of the Laws of 1898.

On February 19, 1930, letters of administration were

duly issued to him on the estate of Nanny Frank, deceased. Thereafter, he deposited in the commercial department of the Bank of United States, as "Public Administrator of the County of New York," the sum of $5,145.10. Thereafter the respondent, by eight checks bearing his sole signature and without the production of a court order therefor, withdrew from the bank a portion of the money deposited, leaving a balance at the commencement of this proceeding of $5,118.58.

The respondent, as Public Administrator, maintained only one account in the bank which was divided into two hundred and fifty or more subdivisions, indicated by different numbers, so that a record was kept of the funds belonging to each separate estate. No segregation was made of the funds deposited and entered on the bank books in the various subdivisions of the respondent's account, and no segregation of the funds was made in the general account from the other assets of the bank.

The Bank of United States is a domestic banking corporation, designated according to the law as a depositary for the deposit of funds held by trustees and other fiduciaries under the laws of the State. On December 11, 1930, the appellant, Superintendent of Banks, pursuant to section 57 of the Banking Law (Cons. Laws, ch. 2), took possession of the bank and its assets for the purpose of liquidation.

The respondent, without filing a claim with the appellant as Superintendent of Banks, and before the Superintendent filed a list of the claims against the bank, made a motion for an order granting a preference or priority of payment, from the assets of the bank, of the funds on deposit belonging to the estate of Nanny Frank. The order was granted, and has been affirmed by the Appellate Division. Such funds were not deposited pursuant to an order of the court. The situation is the same as though an individual administrator had deposited

funds in the bank in his name as administrator without an order of the court requiring such deposit.

The respondent contends that such a deposit of funds of an estate by an administrator creates a preferential claim against the assets of a bank in the possession of the Superintendent of Banks for the purpose of liquidation under section 57 of the Banking Law. It is urged that such preference is granted by subdivision 8 of section 188 of the Banking Law which reads:

" 8. Preference. If dissolved by the legislature or the court, or otherwise, or liquidated by the superintendent of banks or otherwise, the debts from such corporation as guardian, trustee, executor, administrator, committee or depositary, shall be entitled to priority of payment from the assets of such corporation on an equality with any other priority given by this chapter."

Article V of the Banking Law deals with the organization, incorporation, powers, regulation, restrictions and management of trust companies. Section 188 thereof contains " provisions relating to appointment of and exercise of powers as executor and in other fiduciary capacities." Subdivisions 2, 3 and 4 provide that a trust company may be guardian, trustee, administrator, committee, receiver, etc. Subdivision 5 thereof reads:

" 5. Depositary for moneys paid into court. All moneys brought into court by order or judgment of any court of record of this state, or of any other state or of the United States, may be deposited with any such corporation that has been designated a depositary by the comptroller of the state of New York, as provided by the code of civil procedure. Whenever any such corporation shall be designated by the comptroller as a depositary for funds and moneys paid into court, it shall give to the people of the state a bond in the form and manner prescribed in this chapter."

It is clear from the reading of subdivision 8 that it has no application to the situation involved in this case.

It provides for a preference upon dissolution when a trust company is *itself* acting as a guardian, executor, administrator, etc., and is indebted in such capacity. In the case at bar it was not acting as administrator. It merely received on deposit funds which the Public Administrator had in his possession as administrator of Nanny Frank, deceased, and was indebted to him as such administrator for the balance on deposit.

It is also urged by the respondent that the debt of the bank to the respondent is that of a " depositary " of court funds within the meaning of subdivision 8 of section 188, and, therefore, that the respondent is entitled to a preference. The priority of payment of debts of a trust company as " depositary," provided for by subdivision 8, has no application under the facts in this case. That provision applies to money brought into court as provided by the Code of Civil Procedure, now transferred to sections 133 to 137 of the Civil Practice Act, and to sections 44-c and subdivision 8 of section 4 of the State Finance Law (Cons. Laws, ch. 56) and deposited as permitted by subdivision 6 of section 185 and subdivision 5 of section 188 of the Banking Law.

In the case of *Henkel* v. *Carnegie Trust Co.* (213 N. Y. 185) this court definitely decided both propositions contrary to the respondent's contentions. The opinion in that case dealt with similar provisions of the Banking Law as it existed prior to the revision of 1914 (Laws of 1914, ch. 369), and the enactment of the Civil Practice Act. There has, however, been no substantial change in the statutory provisions involved and the opinion in that case is controlling in construing the provisions of the statutes as they now read.

We have reached the conclusion that the bank is not indebted as administrator to the estate of Nanny Frank, deceased, within the meaning of subdivision 8 of section 188, and that the funds on deposit are not held by it " as depositary " of moneys brought into court as provided by

subdivision 5 as such funds were not deposited pursuant to the provisions of an " order or judgment of any court of record of this state, or of any other state or of the United States."

Chapter 552 of the Laws of 1931, referred to by respondent, has no application under the facts of this case, as the county of New York is expressly excepted from the provisions of that act.

Even if we should assume that the respondent is entitled to preference in payment as to the funds in question deposited by him, nevertheless, the order granting a preference was not properly granted.

The Legislature by the enactment of sections 72 to 78, inclusive, of the Banking Law, as amended, has provided a complete and comprehensive working plan for the proof and enforcement of all claims and accounts against a moneyed corporation during its liquidation by the Superintendent of Banks. The law governing the priority of payment is contained in sections 75 and 78. Section 75 provides that the Superintendent shall not determine the priority of payment of accepted claims and accounts, but that priority of payment shall be determined by the Supreme Court, pursuant to section 78, which reads in part: " At any time after the date fixed by the superintendent for the presentation of claims, the Supreme Court may by order authorize the superintendent upon his application to declare out of the funds remaining in his hands after the payment of expenses, one or more dividends. Such order shall specify what claims and what accounts payable as shown by the books and records as to which no claims were presented, listed and accepted by the superintendent, if any, are entitled to priority of payment, and shall direct the superintendent regarding the manner of payment of such prior claims and accounts."

Those sections specify two classes of claims and accounts: *First*, those accepted or rejected by the Super-

intendent (§ 75), and *second*, claims and accounts payable " as shown by the books and records as to which no claims were presented, listed and accepted by the superintendent " (§ 78). As to both classes, it is the duty of the Supreme Court to determine as to priority of payment. The procedure for obtaining such determination specifically provides that the application to the court to determine priority of payment must be made by the Superintendent after the date fixed by him for presentation of claims. The order herein was granted before " the date fixed by the Superintendent for the presentation of claims " and it was not granted " upon his application." The petition did not allege that a proof of claim or account had been " listed and accepted." Indeed, it does not appear that a claim or account had been filed with the Superintendent. In fact, none of the requirements specified in section 78 were complied with by the respondent.

Other provisions of the Banking Law were ignored by the respondent in filing his petition for a preference. Section 72, as amended by chapter 191, Laws of 1931, provides for notice to be published for the filing of claims. Objections as to a claim filed must be made within twenty days after a list of the claims has been filed by the Superintendent (§ 74). Thereafter, the Superintendent must accept, reject or submit to the court all duly filed claims. The acceptance of an ordinary claim entitles the owner to share ratably in the distribution of assets (§ 76). The acceptance by the Superintendent of a claim alleged to be entitled to priority does not determine the right to priority of payment. That question must be submitted to the court by the Superintendent (§§ 75 and 78). It is apparent from a reading of the statute that the primary duty rests upon the Superintendent to determine in the first instance whether a claim filed has been duly established and in case of claims not presented which appear upon the books and records, it is his duty to list them and accept or reject each class in writing. The statute does

not provide for any action by the court until such primary duty has been performed by the Superintendent.

The statute clearly indicates that the Legislature did not intend that the court should interfere with the orderly administration of the affairs of a moneyed corporation in the possession of the Superintendent and determine upon motion in specific instances whether claims should be preferred, thereby hampering the Superintendent in the performance of his duty. To permit such interference would inevitably lead to great confusion, expense and delay and place upon the Superintendent a heavy burden not contemplated by the statute.

The statute does not attempt to deprive the Supreme Court of its constitutional powers. It simply regulates the practice to be followed before the court is called upon to determine whether a claim or account is entitled to priority of payment. The Legislature in prescribing the primary acts to be performed before the court can be called upon, acted within its jurisdiction and the practice prescribed by it must be followed. We do not mean to decide that under no conditions may the court act to protect the interest of those holding claims or accounts against a moneyed corporation in the possession of the Superintendent even though the procedure prescribed by the Legislature has not been strictly complied with. It is possible that cases may arise where the Superintendent may refuse or fail to act, or may act arbitrarily, negligently or illegally and thereby prejudice the rights of creditors. Under such circumstances, it may be that the court should interfere to protect such rights. We do not pass upon that question. It is sufficient for the decision of this case that no such condition exists and that the respondent has utterly failed to comply with the provisions of the Banking Law.

The contentions of the respondent are based upon the provisions of the Banking Law which regulate trust companies and it is his claim that such provisions are

applicable to the Bank of United States, which is not a trust company, but a bank which exercises fiduciary powers by authorization of the Superintendent of Banks under sections 106 and 24-a of the Banking Law. Assuming that such contention is right, nevertheless, the order was improperly granted because of the failure to comply with the provisions applicable to the liquidation of trust companies.

It is earnestly urged by the appellant that the provisions of the Banking Law relied upon by the respondent are not applicable as the Bank of United States is not a trust company, and, therefore, that the provisions of the statute dealing with moneyed institutions not trust companies are the only provisions applicable. There is no claim that the order was properly granted under such provisions of the Banking Law. We do not, therefore, pass upon that question. Neither do we pass upon the right of a court in a reclamation proceeding or on a claim under section 350-l of the Negotiable Instruments Law (Cons. Laws, ch. 38), added by Laws of 1929, chapter 589, section 1, to order the Superintendent to turn over to a claimant property in his possession. In such a proceeding it is always the contention of the claimant that the Superintendent is unlawfully withholding property which belongs to the claimant and the claim is in hostility to the liquidation proceeding. The proceeding here involved is a pure liquidation proceeding to establish a preference under the Banking Law.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in this court and in the Appellate Division, and the motion denied, with ten dollars costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Orders reversed, etc.