In the Matter of the Estate of Isaac L. Phillips, Deceased.

Surrogate's Court, New York County, March 23, 1932.

*Chadbourne, Stanchfield & Levy* [*William Saxe* of counsel], for the petitioner.

*Carl J. Austrian* [*Warren C. Fielding* and *Edward Garfield* of counsel], for The Bank of United States and Joseph A. Broderick, Superintendent of Banks.

*Herman Goldman,* for Annie G. Phillips, Arthur Phillips and Seymour Phillips, individually and as executors and trustees.

*Hirsch, Newman, Reass & Becker,* for Abraham S. Phillips, individually, as executor and trustee.

Foley, S. This is an application by Blanche Phillips Roth, a daughter of the testator, on behalf of herself and others interested in the estate of decedent, for a decree directing, among other things, the return of certain assets to this estate. The will of her father was

admitted to probate in this court on December 26, 1923. Fifty thousand dollars of a total legacy of $150,000 was payable to the petitioner on her marriage on October 25, 1931. No part of this legacy has been paid. The remaining $100,000 is due her on October 25, 1936, or sooner, should her mother, who still survives unmarried, die before that date.

The executors were given authority under the will to keep all investments of securities owned by the testator at the time of his death until the death or remarriage of his wife. The will also provided that they be not held responsible for any loss that may occur by reason of the retention of such investments. It appears that the executors bought on the account of the estate additional Bank of United States stock, City Financial Corporation " A " and " B " stock and Consolidated Indemnity and Insurance Company capital stock. The petitioner claims that these purchases were illegally made. The securities purchased other than United States Bank stock, were in corporations, subsidiary to, or affiliated with, the Bank of United States. None of them was a legal investment.

The Bank of United States stock was paid for outright from the funds of the estate. A large balance of the purchase price of the other securities purchased, however, was secured from the Bank of United States as a loan. Each loan was represented by a collateral demand note payable to the bank. The collateral given by the executors from time to time consisted of securities belonging to the estate of the decedent at the time of his death, together with the stock purchased from the proceeds of the loans. On February 28, 1929, these loans, then aggregating $175,000, were consolidated into a single loan secured by the purchased securities and other estate assets as collateral. The Superintendent of Banks of the State of New York made a demand on February 5, 1931, upon the executors and trustees for the payment of the balance remaining unpaid, upon the consolidated loan of $175,000, part of which had been paid off. The executors and trustees failed to discharge the debt, and the collateral note representing the consolidated loan was protested for non-payment. An action has since been commenced by the Superintendent of Banks against the executors for the balance due on the note.

The petitioner seeks a decree of this court directing the executors and trustees to tender to the Superintendent of Banks the securities purchased by them, plus the cash dividends received upon such securities and the further sum of $6,149.73. The latter amount added to the sum of $55,357.77, already paid back, equals the sum of $61,507.50, which the petitioner alleges was the total amount of the loans made by the respondents, the proceeds of which were used for

legitimate estate purposes. She also asks this court to direct the executors to rescind and cancel each purchase of stock and each loan, except those used for the purposes of the estate, and to order the Superintendent of Banks, upon such tender, rescission and cancellation, to return the note representing the consolidated loan, together with the estate assets put up as collateral to secure the same.

The application is denied on the ground that this court is not empowered to grant the same, and the motion of the Superintendent of Banks to dismiss the petition is granted. The Surrogate's Court cannot allow a claim against the assets of a bank in the course of liquidation in violation of the statutes of this State. To do so would result in awarding a preference and priority in payment over other creditors of the bank. The insolvency of the Bank of United States and the pending liquidation by the Superintendent of Banks is a complete answer to the petition in this matter. Exclusive jurisdiction rests in the Supreme Court.

In *Matter of Frank*, reported as *Matter of Egan* (258 N. Y. 334, revg. 233 App. Div. 834) Judge HUBBS states: " The Legislature by the enactment of sections 72 to 78, inclusive, of the Banking Law, as amended, has provided a complete and comprehensive working plan for the proof and enforcement of all claims and accounts against a moneyed corporation during its liquidation by the Superintendent of Banks. The law governing the priority of payment is contained in sections 75 and 78." On page 342 he continues: " The statute clearly indicates that the Legislature did not intend that the court should interfere with the orderly administration of the affairs of a moneyed corporation in the possession of the Superintendent and determine upon motion in specific instances whether claims should be preferred, thereby hampering the Superintendent in the performance of his duty. To permit such interference would inevitably lead to great confusion, expense and delay and place upon the Superintendent a heavy burden not contemplated by the statute." The language of the Court of Appeals with respect to motions in the Supreme Court is applicable here. The securities of the estate pledged as collateral for the loan made by the Bank of United States presumptively are lawfully within the possession of the Superintendent of Banks. He cannot be divested of this possession by any proceeding brought in this court. He can only be divested of these securities by appropriate proceedings in the Supreme Court, pursuant to the provisions of the statute regulating the liquidation of the defunct banking institution.

Previous to the decision of the Court of Appeals in *Matter of*

*Egan (supra)* applications by the executors or administrators for a summary order directing the Superintendent of Banks to pay over the balance in an account maintained by the representative of the estate in the Bank of United States have been denied by this court, upon the same ground. (*Matter of Friedlander*, N. Y. L. J. Mar. 3, 1931; *Matter of Weiner*, Id. Apr. 3, 1931; *Matter of Steinberg*, Id. May 28, 1931; *Matter of Stein*, Id. Nov. 10, 1931.)

Application denied and proceeding dismissed. Submit order on notice accordingly.