THE EMIGRANT INDUSTRIAL SAVINGS BANK, Plaintiff, v. SCOTT'S BRIDGE REALTY CO., INC., and Others, Defendants, Impleaded with FRANCIS M. FALLON, Receiver, Appellant, and MOUNT VERNON TRUST COMPANY, Respondent.— Order denying motion to direct payment of balance of deposit to the receiver reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The moneys on deposit with the trust company were deposited in that trust company pursuant to an order of the court appointing a receiver. The trust company was specifically mentioned as a depositary. The trust company, therefore, had notice of the nature of the deposit of the moneys. In our opinion, moneys deposited by a receiver of rents and profits in a foreclosure action in a bank, pursuant to direction that the moneys be deposited in that bank, are court funds, and the deposit is in the nature of a trust. By accepting the trust the bank becomes in effect a party to the action and amenable to the summary directions of the court. It appearing that the directions of Federal and State authorities affect the ordinary and usual deposits, where the relationship of debtor and creditor exists, those directions have no application here. Lazansky, P. J., Young and Kapper, JJ., concur; Hagarty, J., dissents and votes to affirm; Scudder, J., not voting.

CHARLES C. FENNO and Others, as Trustees in Bankruptcy of the Property, Assets and Effects of JAMES KEARNS, JR., Respondents, v. YONKERS NATIONAL BANK & TRUST COMPANY, INC., Appellant, and Another, Defendant.— Judgment modified by deducting therefrom interest as computed from the 11th day of January, 1923, to the 31st day of January, 1928, and as so modified unanimously affirmed, without costs. We are of opinion that the court erroneously allowed interest computed from the date of the preferential assignment, viz., January 11, 1923. Interest should be computed from the date of demand. Lacking such demand, interest may be computed from the commencement of the action, January 31, 1928. (*White Co.* v. *Wells*, 42 F. [2d] 460; *Ullman* v. *Sobel, Inc.*, 47 id. 612; *Elliotte* v. *American Sav. Bank & Trust Co.*, 18 id. 460; *Kaufman* v. *Tredway*, 195 U. S. 271.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ. Settle order on notice.