In the Matter of TIMES SQUARE TRUST COMPANY, in Liquidation.
In the Matter of the Application of THE SUPERINTENDENT OF BANKS, Appellant, for a Determination of Priority of Payment of Claim Filed or Account Payable Pursuant to Section 78 of the Banking Law.

Claim of NICHOLAS P. IANNUZZI, Respondent.*

First Department, November 3, 1933.

* Revd., 264 N. Y. 8.

*T. Lawrence McGannon* of counsel [*John A. Mullen*, attorney], for the appellant.

*Thomas J. Blake*, for the respondent.

O'MALLEY, J. The Times Square Trust Company is in the hands of the appellant Superintendent of Banks as liquidator. The funds which have been held by the referee to have been entitled to priority of payment were the proceeds of a judgment of foreclosure and sale of real property made pursuant to sections 1082 and 1087 of the Civil Practice Act, and rule 259 of the Rules of Civil Practice, and were deposited by the claimant, respondent, as the referee who sold the property pursuant to such judgment.

Provisions directing such disposition of the moneys were contained in the judgment pursuant to the provisions of rule 173 of the Rules of Civil Practice. The judgment further provided that should there be any surplus moneys the referee should " deposit the surplus moneys, if any, with the aforesaid depositary within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the court, signed by a justice of this court." The Times Square Trust Company was named as depositary in the judgment and the account was opened in the thrift department of said depositary in a special account in the name of the referee, which was also designated by the title of the action.

The pertinent statute to be considered is section 188 of the Banking Law and particularly subdivisions 5 and 8 thereof. Subdivision 8 (*supra*) provides what claims against a trust company being liquidated by the Superintendent of Banks or otherwise are entitled to priority of payment, and reads as follows: " 8. Preference. If dis-

solved by the Legislature or the court, or otherwise, or liquidated by the Superintendent of Banks or otherwise, the debts from such corporation as guardian, trustee, executor, administrator, committee or depositary shall be entitled to priority of payment from the assets of such corporation on an equality with any other priority given by this chapter."

Subdivision 5 (*supra*), which defines the word " depositary," provides as follows: " 5. Depositary for moneys paid into court. All moneys brought into court by order or judgment of any court of record of this State, or of any other State or of the United States, may be deposited with any such corporation that has been designated a depositary by the Comptroller of the State of New York, as provided by the Code of Civil Procedure.█ Whenever any such corporation shall be designated by the Comptroller as a depositary for funds and moneys paid into court, it shall give to the People of the State a bond in the form and manner prescribed in this chapter."

The question involved is whether upon the facts presented the fund deposited was entitled to priority under the provisions of subdivision 8 (*supra*).

We are of opinion that the claimant was not entitled to such priority for the reasons that the Times Square Trust Company was not a " depositary " of funds within the meaning of subdivision 8. It has been consistently held by the Court of Appeals that moneys paid into court within the meaning of section 188 of the Banking Law are only such moneys as are paid pursuant to the provisions of sections 133 to 137 of the Civil Practice Act and to section 44-c and subdivision 8 of section 4 of the State Finance Law, and deposited as permitted by subdivision 6 of section 185 and subdivision 5 of section 188 of the Banking Law. (*Henkel* v. *Carnegie Trust Company*, 213 N. Y. 185; *Matter of Egan*, 258 id. 334.) (See *Matter of Bank of United States* [*Claim of Moore*], 236 App. Div. 826; affd., 261 N. Y. 645.) In the *Henkel* case it was held that plaintiffs, trustee and receiver, respectively, of an estate in bankruptcy, were not entitled to priority of payment of moneys belonging to the bankrupt estate deposited by them in their official capacities. In the *Egan* case the public administrator of the county of New York was denied priority of payment of funds belonging to an estate deposited by him as administrator. In *Matter of Bank of United States* (*Moore Claim*) it was held that moneys deposited by the committee of an incompetent, pursuant to an order of the court, were not entitled to priority. An examination of the record in the latter case discloses that the report of the referee was with-

held until the decision of the Court of Appeals in *Matter of Egan* (*supra*); and that his denial of priority was predicated wholly upon such decision. While two justices in this court dissented from the majority view, the Court of Appeals unanimously affirmed on the authority of *Matter of Egan* (258 N. Y. 334). (See 261 N. Y. 645.)

While no opinion was written by the referee herein, he apparently attempted to distinguish this case from the authorities cited upon the ground that the moneys had been deposited under a judgment of foreclosure and sale made pursuant to section 1082 of the Civil Practice Act, which judgment not only directed such deposit, but also required a further order of the court for their disposition.

We find no basis for such distinction. In the *Moore Claim* (*supra*) there was a specific court order directing the deposit of the funds of the incompetent. Moreover, while section 1082 (*supra*) authorizes the court in the absence of other claimants to direct payment of surplus moneys directly to the owner of the equity, it provides in addition that if there are such claimants, then the money must be paid, in the city of New York, to the chamberlain of said city and in counties outside thereof, to the treasurers of such counties, subject to the further order of the court.

In our view, therefore, moneys deposited pursuant to the provisions of this section do not become court funds within the purview of the authorities cited unless paid over to the city chamberlain in New York city, or to a county treasurer, and, by one of such officers, placed in a depositary.

In this view it becomes unnecessary to determine to what extent, if any, respondent's claim to priority would be affected by reason of the fact that the Times Square Trust Company had not been designated by the State Comptroller a depositary of court funds under section 192 of the Banking Law.

It follows, therefore, that the order should be reversed, with twenty dollars costs and disbursements, and the motion to reject report of referee granted, and the cross-motion to confirm said report denied.

FINCH, P. J., TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion to reject report of the referee granted, and the cross-motion to confirm said report denied.