MOMCLAY, INC., Plaintiff, v. WILLIAM J. CAMPBELL and Others, Defendants. ELEANOR SIEGEL, Receiver, Appellant, v. THE MOUNT VERNON TRUST COMPANY, Depository, Respondent.*— Order denying the receiver's motion to turn over the balance on deposit with the Mount Vernon Trust Company reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. While the order appointing the receiver did not contain a provision naming the depository, it appears that the depository selected by the receiver was served with a copy of the order appointing her as receiver. That order brought home to the trust company knowledge of the fact that the funds in the hands of the receiver were court funds, and were by express provision in the order subject to further order of the court. That fact brought this situation within the principle of *Emigrant Industrial Savings Bank* v. *Scott's Bridge Realty Co., Inc.* (240 App. Div. 779). The cases of *Matter of Bank of United States* (*Moore*) (261 N. Y. 645; 236 App. Div. 826) and *Matter of Egan* (*Broderick*) (258 N. Y. 334) are to be distinguished. In the *Egan* case title vested in the administrator perforce letters of administration, which related back to the date of the testator's death. In the *Moore* case the effect of the non-vesting of title to the personal property was either not made to appear to the depository or the court, or the court's attention was not directed to it. (*Matter of Ireland*, 231 App. Div. 288; *Kent* v. *West*, 33 id. 112; appeal dismissed, 163 N. Y. 589.) In the case at bar the title to the personal property in the hands of the receiver never vested in her. It was merely *in custodia legis*. The acceptance of the deposit with knowledge of its character as court funds, and, therefore, in the nature of a trust, in effect made the bank a party to the action and amenable to the directions of the court in respect thereto. The circumstances of the deposit made it a special deposit or bailment. This precluded the ordinary relation of debtor and creditor from arising, since the moneys were deposited by the receiver in her name as receiver in the action, with knowledge of the nature of the funds and lack of title of the receiver brought home to the bank. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

MARTIN MULAWKA, Respondent, v. ELMER W. HOWELL and Others, Appellants. — Judgment of the County Court of Suffolk county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.