SARAH ZUROFF, Appellant, *v.* WESTCHESTER TRUST COMPANY and WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, and Liquidator of the Westchester Trust Company, Respondents, Impleaded with RICHARD EDIE, JR., and Others, Defendants.

Second Department, June 29, 1936.

*Michael Popper,* for the appellant.
*Robert W. Crawford,* for the respondents.

PER CURIAM. The plaintiff brought this action against the trust company, the Superintendent of Banks, as liquidator, and certain officers and directors of the bank to rescind a sale to her of a mortgage participation certificate on the ground of false and fraudulent representations made to her at the time of sale, and to recover the money paid for such certificate. She alleges that she did not discover the fraud until after the period of four months had expired for the presentation of claims to the liquidator as provided by section 72 of the Banking Law, and that she had no notice whatever to present her claim. In fact, her claim did not accrue until after the period to present claims had expired. When she discovered the fraud she gave notice that she elected to rescind and offered to return the certificate, which was refused. Then, when advised of her rights, she filed a claim within a reasonable time after it had accrued, and her claim was rejected as not within the legal time. After the expiration of eighty days, as required by section 76 of the Banking Law, she commenced this action.

The defendants bank and liquidator moved to dismiss the complaint as not stating facts sufficient to constitute a cause of action on the ground that she could not maintain the action for failure to comply with the provisions of sections 72 and 76 of the Banking Law. The motion was granted.

We adhere to the view expressed by a majority on the former appeal (247 App. Div. 756), decided February 21, 1936. The statute obviously applies to all claims of depositors or creditors to whom notice is given or who have knowledge of the existence of the claim. (*Schwarz* v. *Broderick*, 242 App. Div. 788; affd., 269 N. Y. 610; *Matter of Bank of United States*, 244 App. Div. 715; affd., 269 N. Y. 578; *Matter of Westchester Trust Co.*, 246 App. Div. 546; *Matter of Horowitz*, 235 id. 248.) We are of opinion that the statute cannot apply to a claim like this which had not accrued before the statute ran. (*Matter of Egan*, 258 N. Y. 334, 342.) To deny the plaintiff a right to seek redress in the courts would be a denial of due process (*Gilman* v. *Tucker*, 128 N. Y. 190; *Saranac L. & T. Co.* v. *Roberts*, 195 id. 303; *Matter of City of N. Y.* [*Grand Boulevard*], 212 id. 538; *Webster* v. *Cooper*, 14 How. [U. S.] 488, 502); and as to her the limitation of the statute would be unreasonable (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *Adam* v. *Manhattan Life Ins. Co.*, 204 id. 357; *Lamb* v. *Powder River Live Stock Co.*, 132 Fed. 434). We are dealing only with a question of pleading. Her ultimate right to recover will depend upon the proof adduced on the trial.

The order and the judgment entered thereon should be reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, DAVIS and TAYLOR, JJ., concur; ADEL, J., dissents and votes to affirm.

Order and judgment reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The defendants have leave to answer within ten days after the entry of the order hereon.