HENRY KLEIN, Respondent, *v.* NORTH SIDE SAVINGS BANK, Appellant.

First Department, November 9, 1965.

*Leon Liner* of counsel (*Goldwater & Flynn*, attorneys), for appellant.

*Edward Klein* of counsel (*Lebenbaum & Klein*, attorneys), for respondent.

*Martin A. Meyer, Jr.*, for Savings Banks Association of New York State, *amicus curiæ*.

*Louis J. Lefkowitz, Attorney-General* (*Daniel M. Cohen* of counsel), *amicus curiæ*.

*Per Curiam.* In February, 1950 a deposit was made in defendant bank pursuant to an order of the Supreme Court authorizing the settlement of a negligence action brought on behalf of an infant. The infant is the present plaintiff, having now attained majority. The form of the account created by the deposit was "Harold Klein as Guardian ad Litem of Henry Klein, an infant." The order provided that the funds deposited be held subject to the further order of the court, and there is no question but that defendant had notice of this provision.

From the date of the deposit for some 11½ years there was no activity in the account except that the bank automatically credited dividends as they accrued. There were no deposits or withdrawals, and the passbook was never presented for the crediting of dividends. On June 7, 1961, the bank initiated the procedures required by section 300 *et seq.* of the Abandoned Property Law. As there was no reply to its letters or adver-

tisements, the bank turned over the funds to the State Comptroller. Some two years later plaintiff presented the passbook. Informed of the action taken, he made demand on the Comptroller and received $1,110.28, the amount of the deposit less the Comptroller's fee of $11.21. He brings this suit for damages consisting of the afore-mentioned fee, interest from the date of turnover to that of demand, and attorney's fees of $200.

It is not disputed that the defendant bank was required by law to report all accounts which were inactive for 10 years and, after taking the steps regarding notice to the depositor and the failure of the latter to respond, to turn over the same to the office of the State Comptroller (Abandoned Property Law, § 303). The claim is that in some unspecified way the prerequisite of a court order for withdrawals changed this duty so that compliance with it became an actionable wrong.

There is nothing in the statute itself which either mandates or indicates such a result. A deposit subject to the order of the court is still an ordinary deposit creating a relationship of debtor and creditor (*Matter of Holden,* 264 N. Y. 215). Though such funds are in a sense constructively in the possession of the court, they are not funds that have been paid into court (*Henkel v. Carnegie Trust Co.,* 213 N. Y. 185). As far as the depositary is concerned, they stand on no different basis than that of other deposits (*Emigrant Ind. Sav. Bank v. Scott's Bridge Realty Co.,* 264 N. Y. 1). If the bank goes into receivership the receiver occupies the same position in regard to a deposit so made as he does to all deposits whose proceeds became a part of the general funds of the bank (*Matter of Holden, supra*). The net effect is that the bank must treat this deposit as it does all others and obey the statutory regulations in regard to it.

No practical injustice or serious inconvenience can result from following the usual procedure. If the account has not been abandoned, the infant can always get it back from the State, as was done in the instant case. If it has been abandoned, there is no reason why the depositary as opposed to the State should keep it indefinitely and have the use of the money in the meantime. Furthermore, an application by the bank to the court would be a fruitless act. The court, except upon application to withdraw, maintains no further supervision of the account and, except for most fortuitous circumstances, would be in no position to assert whether or not the account was abandoned. Lastly, any inconvenience would be obviated by the guardian presenting the passbook for credit of interest or dividend at any time during the 10-year interval or responding to the notice that the account would be deemed abandoned. On this disposition it is unneces-

sary to consider whether counsel fees would be a proper item of damage.

The judgment of the Appellate Term and the Civil Court should be reversed on the law and the complaint dismissed, without costs and without disbursements.

BREITEL, J. P., RABIN, VALENTE, EAGER and STEUER, JJ., concur.

Determination of the Appellate Term and order of the Civil Court unanimously reversed, on the law, without costs and without disbursements, and the complaint dismissed.