OPINION OF THE COURT
Edward J. Amann, Jr., J.
In the present motion, the State seeks to have the claim dismissed pursuant to sections 8, 9 and 10 of the Court of Claims Act and CPLR 3211 (subd [a], pars 2, 5, 7, 8). The State alleges that the claim was neither timely filed nor states a cause of action.
The claimants allege that the claim was timely because it was "transferred in April (from the Supreme Court) without lapse to the Court of Claims with Judge’s Order”. The claimants argue, alternatively, that the claim is not late, but if the claim were to be deemed late, they would seek relief pursuant to subdivision 6 of section 10 of the Court of Claims act.
The claimants responded to the main argument set forth in the motion to dismiss by referring to the motion as "the cheap excuse of lawyers who have nothing to bring up to defend their cases.” They also allege, however, that the "complaint” (sic) contains many causes of action and therefore should not be dismissed.
The history of this claim began on September 15, 1976 when the Superintendent of Banks of the State of New York took possession of the business and property of the American Bank and Trust Company, pursuant to section 606 of the Banking Law. On the same date, the Superintendent of Banks, pursuant to section 634 of the Banking Law, appointed the Federal *1052 Deposit Insurance Corporation (hereinafter referred to as the "FDIC”), as receiver of the American Bank and Trust Company. The FDIC thereupon entered into an agreement with the Bank Leumi and Trust Company to assume the assets and certain liabilities of the American Bank and Trust Company. On September 20, 1976, the Honorable Hyman Korn, Justice of the Supreme Court, signed an order approving the purchase and assumption agreement and the loan and security agreement signed on September 15, 1976.
On October 19, 1976, the Honorable Arnold Guy Fraiman signed an order approving the forms of the proof of claim and notice pursuant to section 620 of the Banking Law. The order also provided that: "all persons who may have claims against the Bank present such claims to the Receiver; and make proper proof thereof, by a filing of a proof of claim * * * with the Receiver at the address specified in such notice no later than five months after the date of such notice.” On April 4, 1977, Judge Fraiman signed another order dismissing without prejudice, an action brought by the claimants in the Supreme Court against the Bank Leumi and Trust Company of New York.[1] The claimants took an appeal from the order of April 4, 1977 and the appeal is still pending.
On April 7, 1977, a notice of intention to file a claim was filed in the office of the Clerk of the Court of Claims. The claim, filed on April 13, 1977, seeks $25,000 for "negligence in the case of supervising the activities of American Bank and Trust Company from 1971 to its demise in September of 1976”.
After having reviewed all the motion papers and exhibits submitted, and having heard the oral arguments, the court finds that the motion to dismiss should be granted.
 In enacting section 8 of the Court of Claims Act, the State only partially waived its sovereign immunity. (Weiss v Fote, 7 NY2d 579.) Under this section, the State is subject to only that liability, for which an individual or corporation would have been liable, and not for governmental functions, which are sovereign in character. (Granger v State of New York, 14 AD2d 645.) Here the claimants allege that the Superintendent of Banks failed to properly supervise the *1053 American Bank and Trust Company. Such a function is clearly governmental in nature. Accordingly, the court finds that the supervision of banks by the Superintendent of Banks constitutes a governmental function. The State, therefore, is immune from suits of this nature. (Barrett v State of New York, 220 NY 423.)
 In addition, article XIII of the Banking Law provides the procedure for determining claims against a bank, which has been taken possession of by the Superintendent of Banks. Section 620, formerly section 72 of the Banking Law, sets forth the method for notifying potential claimants and the form for filing a proof of claim against the bank. In the present case, the order of Judge Arnold G. Fraiman provided that "all persons who may have claims against the Bank present such claims to the Receiver; and make proper proof thereof, by a filing of a proof of claim substantially in such form with the Receiver, at the address specified in such notice no later than five months after the date of such notice.”[2] This order reiterates the procedure set forth in section 620 of the Banking Law, whose procedure has been described as the "comprehensive and exclusive means for the ascertainment of claims”. (Matter of Societa Di Savoi v Broderick, 260 NY 260, 264, discussing section 72 of the Banking Law.) As a result of this order the claimants filed a proof of claim with the FDIC, which was subsequently denied.[3] Under article XIII of the Banking Law the claimants must now bring suit against the receiver, the FDIC, for improperly denying their proof of claim. (Banking Law, § 625, subd 3.) The exclusive jurisdiction for such an action lies in the Supreme Court. (Matter of Phillips, 144 Misc 347.)
On the basis of the above the court finds that it lacks jurisdiction over the subject matter of the claim and that the motion to dismiss should be granted.
The issues of whether the claim was timely filed or whether subdivision 6 of section 10 of the Court of Claims Act relief is presently available to the claimants, need not be discussed by *1054 the court, since it was found that it has no jurisdiction to entertain such a claim.[4]
Accordingly, the defendant’s motion to dismiss is granted pursuant to CPLR 3211 and sections 8 and 9 of the Court of Claims Act.

. Another suit brought by the claimants against the FDIC was withdrawn on December 14,1976.

. Judge Fraiman also signed another order on April 4, 1977, ordering the FDIC to review any proof of claim filed by the claimants.

. The reason for the denial is that the claimants never deposited money in the American Bank and Trust Company. The bank appeared to be merely the claimants’ agent for the purchase of a time deposit for the Continental Trade Bank in London. This deposit was transferred to a Brussels Bank which closed on August 16, 1976.

. Similarly, the court need not discuss whether the suit is properly brought against the individual named in the "Additional and final statements by claimants to Claim”.