*317 OPINION OF THE COURT
David Goodsell, J.
Trial Decision
The plaintiff in this small claims case seeks to recover damages resulting from the failure of the defendant, Commerce Bank, to notify her of an escheating of funds to the Comptroller of the State of New York. The defendant counterclaimed for damages stemming from the failure of the plaintiff to adhere to the deposit account rules and regulations of the defendant which the defendant claimed plaintiff agreed to follow.
The plaintiff purchased three official bank checks from her local branch of Commerce Bank on October 27, 2003, totaling $9,500 payable to herself. Again, on November 25, 2003, the plaintiff returned to her local bank branch of Commerce Bank and obtained three additional official bank checks totaling $9,502.41 payable to herself. The plaintiff failed to utilize the checks immediately and essentially forgot about the checks.
On September 12, 2007, Commerce Bank, pursuant to its established policy, notified the plaintiff by letter of the failure of check 420-02145 in the amount of $3,502.41 to be cashed. Apparently, the bank only notifies known bank check holders of undeposited bank checks when the amount of the check exceeds $3,500. The plaintiff had the proceeds of check 420-02145 deposited to her account at Commerce Bank without locating and depositing the check.
The plaintiff now reminded of the existence of the bank checks, searched for and later located all six checks and deposited them on March 31, 2008. The defendant initially failed to honor the deposits and charged bank fees on all six outstanding checks but reversed the bank charges and redeposited $15,500 into the account of the plaintiff.
Plaintiff now brings an action for damages based upon the failure of the defendant to notify her pursuant to Abandoned Property Law § 1422. The statute requires notification to the owner of record that unclaimed funds will be turned over to the State Comptroller’s office. Notice under Abandoned Property Law § 1422 must be sent not less than 90 days before the reporting date declaring the property to be abandoned as specified in Abandoned Property Law § 401.
The contention of the plaintiff, an attorney, that damages are owed due to the failure of the bank to notify her is based upon *318 the notion that had she been notified in accordance with the statute she would have located the checks in a timely basis which deprived her of the right to collect interest on her money.
However, Abandoned Property Law § 1422 fails to specify any penalty for a failure to notify the owner. In fact, the only reference in Abandoned Property Law § 1422 to a failure to comply with the provisions of the section is set forth in subdivision (4) which states: “The failure of any holder of abandoned property to comply with the requirements of this section shall not in any way affect the reporting of abandoned property pursuant to the provisions of this chapter.”
Clearly, under Abandoned Property Law § 300 (1) (c) banks are required to treat unnegotiated bank checks over three years old as abandoned property triggering a requirement under Abandoned Property Law § 401 to report such abandoned property to the Comptroller and to make delivery of such abandoned property under Abandoned Property Law § 303 to the Comptroller. Here, the bank admitted it did not notify the defendant on the escheating of any checks except No. 420-02145 since the bank had a threshold amount before notification.
The only penalty for noncompliance with the requirements of the Abandoned Property Law contained in the statute is set forth in Abandoned Property Law § 1412. Penalties may be assessed by the State of New York for noncompliance administratively to be paid to New York State.
No reported cases have addressed the particular issue raised by the plaintiff in this action. However, the Appellate Division, First Department, found in the case of a court ordered settlement held in an interest bearing custodian account for the benefit of an infant that the bank was not responsible for any damages resulting from a declaration that the account was abandoned and the turning over the account to the Comptroller pursuant to Abandoned Property Law § 303. (Klein v North Side Sav. Bank, 24 AD2d 106 [1st Dept 1965].)
The court in Klein noted no actionable wrong occurred by turning over the account which appeared inactive to the New York State Comptroller. Where “[n]o practical injustice or serious inconvenience” results no basis exists for recovery (24 AD2d at 108).
In the present case, the bank clearly failed to comply with the statutory notification requirements. However, the plaintiff herself remained in control of the checks without taking action *319 upon them. No wrong occurred because the bank failed to notify her of the continued nonuse of the bank checks since control over the bank checks remained with the plaintiff. Even after being alerted to the escheating of check 420-02145, the plaintiff did not present any checks (including check 420-02145) for deposit for over six months. The fact that the checks when located and deposited initially were not honored might be considered a monetary loss. However, the bank charges were reversed in conjunction with the restoration of the money to plaintiff.
The purpose of the abandoned property statute is to protect the lost or forgotten property. The plaintiff received the protection of the statute by receiving the money originally used to purchase the bank checks, and all bank fees resulting from the initial bouncing of the checks. Therefore, the plaintiff has been made whole, and no damages demonstrated. The mere violation of a statute without a statutory penalty or without a show of actual damages cannot form the basis of a recovery. The allegations of lost interest by the plaintiff are unsupported and speculative.
The claim for damages from lost interest is inconsistent with the fact that the escheated money represented by the bank checks does not yield interest. It should be noted Abandoned Property Law § 1405 prohibits the State Comptroller from paying interest on money held where the money does not otherwise earn interest. Likewise, the bank should not be compelled to pay interest on noninterest bearing moneys held.
“Substantial justice,” the legal standard in small claims actions, has been met by the plaintiff requiring dismissal of the action. Allowing the recovery of interest for any period of time would place the bank in the position of chasing after customers to make certain checks get negotiated timely. Such a result is both untenable and does not address the need for customers to assume responsibility for management of their own money.
The counterclaim is likewise dismissed as the defendant failed to prove any contractual breach by the plaintiff of the account rules and regulations of the bank.