SWARTWOUT *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE MECHANICS' BANK IN THE CITY OF NEW-YORK.

Where a public officer deposits money in a bank upon an account kept in his own name, with his official addition, in the absence of evidence to the contrary it is to be regarded as his own funds and subject to his draft.

MOTION to set aside the report of a sole referee. An action of assumpsit was brought by the plaintiff to recover the balance of a bank account kept with the defendants. The plaintiff was collector of the customs for the port of New-York, from October 1st, 1833, and kept a bank account with the defendants in the name of "*Samuel Swartwout, collector,*" which was continued until November 1st, 1838, when there was a balance to his credit of $751,26. The deposits upon this were very frequent, and in very large amounts, frequently exceeding $50,000 per day. During the same period the plaintiff kept another account with the defendants, in the name of "*Samuel Swartwout,*" the deposits on which were few, of small amounts, and in several instances the proceeds of paper discounted for him. The latter account was balanced September 11th, 1838. In May, 1844, the plaintiff's interest in the balance of the former account, having been assigned to J. T., he presented a check for it, drawn upon the defendants by the plaintiff, and signed "Sam'l Swartwout, late collector," which the defendants refused to pay. The defence set up by the defendants was that their bank was an United States deposit bank, from October 1833, until some time in the summer of 1837, and the president thereof *ex officio* pension agent for the government; and that there was owing the bank from the government, upon the pension agency account, $745,58, to balance which they claimed the right to apply the balance to the credit of "Samuel Swartwout, collector," assuming that it belonged to the United States. The referee reported in favor of the claim of the plaintiff.

*C. P. Kirkland,* for defendants.

*C. B. Gay,* for plaintiff.

*By the Court,* WHITTLESEY, J. The plaintiff while collector of the port of New-York, kept an account at the defendant's bank, in the name of "Samuel Swartwout, collector." On this account there is a balance in favor of the depositor of

Swartwout v. Mechanics' Bank of New-York.

$751,26, to recover which the plaintiff sues, being out of office, as we may assume from the fact that his check is signed by him with the addition of "late collector." The defence set up is that the money belongs to the United States. If it is shown that it does in fact belong to the United States, and by the deposit in this account was placed at the control of the government and away from that of the plaintiff, then indeed the plaintiff cannot have it. We might possibly infer that because the plaintiff was collector, and because the account with the defendants was opened with "Samuel Swartwout, collector," that the moneys deposited to the credit of the account were received by him in his official character for the benefit of the United States. But even this would not be sufficient to show that they belonged to the United States. The defendants, to protect themselves from payment to the plaintiff, must show that by their account so kept they are liable to pay the United States this balance. It is not shown what the laws of the United States nor the instructions of the secretary of the treasury are in regard to moneys received by the collectors of customs. By the act of March 2, 1799, § 21, (1 *Peters' Statutes at Large*, 642,) it is made the duty of the collector to receive money paid for duties, to keep an account thereof, and pay, to the order of the officers authorized to direct the payment thereof, all moneys so received, and to come to a settlement once in three months. The act authorizing the secretary of the treasury to select banks as the depositories of public money was passed June 23, 1836, (5 *Peters' Stat. at Large*, 52,) but the statute contains no directions to collectors, and the instructions of the secretary of the treasury, if any were ever given, are not in evidence. So far as we can perceive, then, the collector is to receive and keep the money collected by him officially, and pay it over to the order of the proper officer of the government. There is nothing in the case to show that depositing it in this bank in the manner it was done was by the direction or order of any officer of the government. This being so, in the absence of other proof we must assume that this deposit was like any other one liable only to be drawn by the depositor. The addition of

"collector," in the keeping of the account, may have been, and probably was, to distinguish and keep separate the money he received in his official capacity from that which he received in his own individual capacity. But a deposit in this manner can hardly be deemed a payment over of the money in discharge of his official duty, or the execution of his trust. It is placed in deposit ready to be paid over upon his own draft, when called upon by the proper officer or authority. A deposit to the secretary of the treasury would have placed it beyond the control of the plaintiff; but a mere deposit by a collector in his own name, with his official addition, is no accounting for the money received by him in his official capacity. A county treasurer, sheriff, surrogate, or other such officer, opens an account with a bank with his addition, and keeps a separate account in such capacity; most clearly he can collect such deposits in his own name, and the bank would not be permitted to show that the money belonged to the county, &c. The same rule and principle apply to the present case.

Motion denied.