The Emigrant Industrial Savings Bank, Plaintiff, *v.* Scott's Bridge Realty Co., Inc., et al., Defendants. Mount Vernon Trust Company, Appellant; Francis M. Fallon, as Receiver, Respondent.

**2**

(Argued January 8, 1934; decided February 27, 1934.)

*Clinton T. Taylor, Albert Stiefel* and *Abraham Levine* for appellant. The funds of the receiver are not moneys paid into court. (*Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185; *Matter of Egan*, 258 N. Y. 334; *Matter of Bank of United States* [*Moore*], 236 App. Div. 826; 261 N. Y. 645.)

*Arthur Ofner, Leo C. Fennelly, Edward V. Mallon* and *Carl J. Austrian* for The Bank of United States, *amicus curiæ.* The moneys deposited by the receiver constituted neither moneys paid into court nor a special deposit. (*Matter of Bank of United States* [*Moore*], 261 N. Y. 645; *Kent* v. *West*, 33 App. Div. 112; *Matter of Ireland*, 231 App. Div. 288; *Matter of Otis*, 101 N. Y. 580; *Pharis* v. *Gere*, 110 N. Y. 336; *Matter of Bond* v. *Broderick*, 232 App. Div. 468; *Matter of Wasserman* v. *Broderick*, 140 Misc. Rep. 174; *Matter of Bank of United States* [*Ravitch*], 237 App. Div. 76; *Matter of Bologh*, 185 Fed. Rep. 825; *Isaacs* v. *Stock*, 66 Fed. Rep. [2d] 928; *Wilson* v. *Lyon*

*County Bank*, 4 Fed. Supp. 608; *Kansas City Life Ins. Co.* v. *Taylor*, 184 Ark. 772; *Stephenson* v. *Taylor*, 185 Ark. 1100; *State* v. *Corning State Sav. Bank*, 128 Iowa, 597.)

*Francis M. Fallon*, in person, for respondent. ' The bank is not in liquidation and there are no restrictions. (*Trumpbour* v. *Trumpbour*, 70 Hun, 571; *Van Wagoner* v. *Buckley*, 148 App. Div. 808; *Matter of McCarthy*, 139 Misc. Rep. 147.) The receiver's possession is the possession of the court. The receiver is not vested with title to the funds, and, therefore, could not establish the relationship of debtor and creditor with the bank. (*Stannard* v. *Reid & Co.*, 118 App. Div. 304; 195 N. Y. 530; *Smith* v. *Pacific Improvement Co.*, 104 Misc. Rep. 481; *Matter of Fischer*, 168 App. Div. 326; *Shrady* v. *Van Kirk*, 51 App. Div. 504; *O'Mahoney* v. *Belmont*, 62 N. Y.. 133; *Farnsworth* v. *Western Union Tel. Co.*, 53 Hun, 636; *Matthews* v. *Cooper*, 66 Hun, 626; *Quincy, Missouri & Pacific R. R. Co.* v. *Humphreys*, 145 U. S. 82; *Matter of Potell*, 53 Fed. Rep. [2d] 877; *Attorney-General* v. *Guardian Mut. Life Ins. Co.*, 77 N. Y. 272; *Walling* v. *Miller*, 108 N. Y. 173; *Central Trust Co.* v. *Pittsburgh, S. & N. R. R. Co.*, 223 N. Y. 347; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340; *Stokes* v. *Hoffman House*, 167 N. Y. 554.)

LEHMAN, J. The order appointing a receiver of rents in a foreclosure action directed that the receiver deposit all moneys received by him in Mount Vernon Trust Company. He complied with that direction. In March, 1933, the bank, together with all other banks in the State, was closed in accordance with the proclamation of the Governor of the State, and remained closed until March-24, 1933, in accordance with the proclamation of the President of the United States. On that date it reopened, but has restricted its operation in accordance with conditions and directions imposed by the New York State Banking Department, and has not paid to any depositor more than

ten per cent of the depositor's balance as it existed on the date of the reopening. The balance of the receiver's account was then $6,438.67. The trust company has paid the receiver ten per cent thereof, but has refused to pay the remainder. The Appellate Division has held that the receiver is entitled to a summary order directing the trust company to pay to him that remainder.

We are not, on this appeal, concerned with any question as to the force and effect of the conditions and restrictions under which the bank is operating. Such questions might perhaps arise if these restrictions and conditions were urged as a defense to an action to recover the amount of the deposit or in regard to the enforceability and effect of a judgment. Here the question is whether the court may summarily order the bank to pay the amount of a deposit made by a receiver though the bank is refusing to pay deposits to its other depositors.

" Moneys held by a receiver are in a sense in court, for they are held by the court's officer subject to its control, but the statute limits the preference to payments brought into court under prescribed conditions." (*Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185, 193.) There the court was considering statutory preferences upon the liquidation of a bank under the Banking Law, and it held that a receiver in bankruptcy was not entitled to a preference, for the moneys collected by the receiver and deposited in the bank are not moneys " paid into court " within the meaning of the statute and the bank does not hold such moneys either as a trustee or " depositary." (Banking Law, Cons. Laws, ch. 2, § 188.) In *Matter of Egan* (258 N. Y. 334) and *Matter of Bank of United States* [*Moore*] (261 N. Y. 645) we reiterated the rule enunciated in *Henkel* v. *Carnegie Trust Co.* (*supra*), and applied it to deposits made by the Public Administrator and the committee of a lunatic.

What was said and decided in those cases leaves no room for argument that a different rule should be applied

to deposits made by a receiver of rents appointed in a foreclosure action. Moneys collected by him may be in the "constructive custody of the court" (*Henkel* v. *Carnegie Trust Co., supra,* p. 188), but the statute was not intended to give a preference for moneys in the constructive custody of the court, but only for moneys which have been "brought into court as provided by the Code of Civil Procedure, now transferred to sections 133 to 137 of the Civil Practice Act, and to sections 44-c and subdivision 8 of section 4 of the State Finance Law (Cons. Laws, ch. 56), and deposited as permitted by subdivision 6 of section 185 and subdivision 5 of section 188 of the Banking Law." (*Matter of Egan, supra,* p. 339.) The moneys of the receiver were concededly not "brought into court" in that manner. The moneys collected by the receiver had been deposited by him in accordance with the directions of the court of which he has been an officer. He has accepted the obligation of the bank to repay the money on demand, and holds that obligation in place of the moneys he has collected. The bank did not agree to hold the moneys intact as a bailee or trustee. It assumed only the obligations of a debtor, and the statute gives no right to a preference in the enforcement of such obligations.

The trust company in this case is, as we have said, still doing business, and the Superintendent has not taken possession of its assets and it is not being liquidated. The statutory provisions for priority of payment of its obligations apply only to liquidation proceedings. The summary direction to repay the deposit is, it is said, not based on the Banking Law, but upon the power of the court to protect or perfect its possession of funds which are in its custody. Therefore, it is said that it is quite immaterial whether or not the statute has granted priority of payment for such funds upon liquidation.

That is true, if we find that the court has the inherent power to give such summary direction; but, in determin-

ing whether the court has such power, the presence or absence of rights to priority over other creditors in case of insolvency would be a factor which must be given weight. "A summary proceeding will not lie to compel payment of a deposit to the depositor, neither will it lie to compel payment to the receiver of the depositor." (*Matter of Delaney,* 256 N. Y. 315, 320.) Here, it is true, there is more, the deposit was made by the receiver. The bank had notice that the moneys received by it were, even then, in the constructive possession of the court. We have not determined how far, if at all, the courts possess a summary jurisdiction to compel payment to its receiver of moneys which are wrongfully withheld by a person who is not a party to the action in which the receiver was appointed. (*Klasko Finance Corp.* v. *Belleaire Hotel Corp.,* 257 N. Y. 1.) A distinction might perhaps be drawn between proceedings to enforce a cause of action or to recover property withheld from a receiver where title has become vested in the receiver but derived from another, and proceedings to recover money or property taken from a receiver as an officer of the court. In the first case the proceedings would be for the purpose of reducing a right to possession, in the second case the proceedings would be for the purpose of remedying wrongful interference with the lawful possession or custody of the court. We may assume, though without so deciding, that a court may make a summary order to restore to the custody of the court money or property which has been wrongfully withdrawn from that custody. A constructive possession by the court might then be sufficient to give the court summary jurisdiction to compel restoration. Even so, at least, it must be shown that there has been wrongful interference with the court's possession, actual or constructive. Summary jurisdiction cannot be invoked for the recovery of a debt which is denied. If invoked for the recovery of money or property taken from the possession of the court, there must, at least, be proof that there is a wrongful interference with the constructive possession of the

court.  (*Matter of Times Square Auto Supply, Inc.*, 47 Fed. Rep. [2d] 210; *Matter of Irving Trust Co.*, 259 N. Y. 588.)

Here the receiver was directed by the court to deposit the moneys collected by him.  He performed his duty in obeying that direction, and neither he nor his sureties can be charged for loss accruing through performance of his official duty. . The bank received possession from the receiver and committed no wrong in accepting that possession.  If the bank had received possession as bailee reclamation proceedings might perhaps have been sustained against it.  If the bank had received it as trustee, the trust could have been enforced and upon liquidation of the bank priority of payment of the amount held in trust might have been compelled in the liquidation.  In fact it received the moneys neither as bailee nor trustee. It was permitted to mingle these moneys with its other funds.  It became a mere debtor to the receiver.  The right to demand payment of the debt remained in the constructive possession of the court, the moneys collected were no longer in its custody.

The debt is admitted but payment is withheld because temporarily, at least, the bank is withholding payment from all depositors.  Payment to one depositor cannot be enforced without diminution of the assets to which all the depositors must look for repayment.  Perhaps where there is no dispute as to the facts the court might have power to grant a summary order for the repayment of a deposit made by a receiver, if the receiver had priority over other depositors, and such summary order would not interfere with the rights of other  depositors or creditors.  The court has no power, however, to create such priority.  Since the bank, in this case, acted lawfully in receiving the deposit and incurred no obligation to the receiver other than the repayment of the debt, the court cannot summarily order the repayment of the deposit at the possible expense of other creditors and for the purpose of creating a priority.

The question of whether or not the restrictions and

conditions on the conduct of the bank's business imposed by the Banking Department are binding upon the bank or upon its depositors is not involved in this proceeding. The department's function and duty to protect the depositors of a bank are not challenged. Its order is, at least, a warning that payment in full to one depositor might jeopardize the rights of other depositors. In such case, the courts may not disregard the warning and resort to a summary jurisdiction, even assuming that such jurisdiction might otherwise be invoked, in order to obtain repayment of a debt to its receiver. The receiver must in such case proceed to enforce his rights in the same manner as other creditors.

The order of the Appellate Division should be reversed and the proceeding dismissed, with costs in all courts.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Order reversed, etc.