In the Matter of TIMES SQUARE TRUST COMPANY. NICHOLAS P. IANNUZZI, as Referee, Appellant; JOSEPH A. BRODERICK, as Superintendent of Banks, Respondent.

(Argued January 8, 1934; decided February 27, 1934.)

*Thomas J. Blake* for appellant.   Claimant is entitled to priority under section 188, subdivision 8, of the Banking Law (Cons. Laws, ch. 2).   (*Swart* v. *Central Trust Co.,* 7 N. Y. Supp. 558; *House* v. *Amsdell Brewing & Malting Co.,* 133 App. Div. 486; *Rosenkranz* v. *Gibson Realty Improvement Co.,* 206 App. Div. 732; Civ. Prac. Act, §§ 133, 137; *Matter of Rothschild,* 109 App. Div. 546; *Davison* v. *MacDonald,* 124 Misc. Rep. 726; 216 App. Div. 759; *Stretz* v. *Zolkoski,* 118 Misc. Rep. 806; *Washington Life Ins. Co.* v. *Clark,* 79 App. Div. 160; *North River Sav. Bank* v. *Buckley,* 130 N. Y. Supp. 787; *Wilkinson* v. *Paddock,* 57 Hun, 191; *Matter of Ellis,* 110 Misc. Rep.

192; *Matter of Stilwell*, 139 N. Y. 337.) Both by reason of the non-designation of the bank as a depositary and as a matter of common law claimant is entitled to preference of payment. (*Kingston Bank* v. *Eltinge*, 40 N. Y. 391; *Barker* v. *Clark*, 12 Abb. Pr. [N. S.] 106; *Matter of International Milling Co.*, 259 N. Y. 77; *Matter of Holden*, 264 N. Y. Supp. 244; *Van Wagoner* v. *Buckley*, 148 App. Div. 808; *Genesee Seminary* v. *U. S. F. & G. Co.*, 247 N. Y. 53; *Matter of McCarthy*, 139 Misc. Rep. 147; *Emigrant Bank* v. *Scott Co.*, 266 N. Y. Supp. 27; *Matter of Raymond* v. *Davis*, 248 N. Y. 67.)

*T. Lawrence McGannon* and *John A. Mullen* for respondent. Claimant is not entitled to preference under the provisions of the Banking Law or at common law. (*Matter of Egan* v. *Broderick*, 258 N. Y. 334; *Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185; *Matter of Bank of United States [Moore]*, 236 App. Div. 826; *Lathers* v. *Hamlin*, 102 Misc. Rep. 563.)

LEHMAN, J. The judgment, entered in an action for the foreclosure of a mortgage on real property, directed that the referee, appointed to conduct the sale, should deposit the balance of the moneys arising from the sale, after making certain payments therefrom, in the Times Square Trust Company. In accordance with section 1082 of the Civil Practice Act, the judgment provided that " he deposit the surplus moneys   *   *   *   with the aforesaid depositary within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of the court, signed by a justice of this court." Pursuant to these directions the referee deposited $37,575.05 in the Times Square Trust Company in a special account in the name of the referee, designated by the title of the action. Thereafter an order was entered confirming the report of the referee and directing the payment to the plaintiff in the action of the money deposited in the trust company.

Meanwhile the Superintendent of Banks had taken possession of the trust company in order to liquidate it. The referee claimed a preference in the liquidation proceedings. The Appellate Division has held that the claim for priority of payment over other depositors cannot be allowed.

The right to a preference in liquidation proceedings is governed by section 188 of the Banking Law (Cons. Laws, ch. 2). The claimant is entitled in the liquidation proceedings to priority of payment for moneys held by a trust company as " depositary for moneys paid into court." This court has said that " moneys held by a receiver are in a sense in court, for they are held by the court's officer, subject to its control, but the statute limits the preference to payments brought into court under prescribed conditions." Moneys which come into the hands of trustees and receivers of estates in bankruptcy " in the administration of their estates," and then are deposited by them in a trust company, are not brought into court under the prescribed conditions. When the Legislature granted priority of payment for debts of a trust company as depositary for moneys paid into court, it used those words in the same sense in which they were used in chapter 8, title 3, sections 743 to 754, of the Code of Civil Procedure: " Payment of money into court, and care and disposition thereof." (*Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185.)

These sections of the Code provided that where moneys paid into court are delivered to an officer other than the County Treasurer, he must pay it to the County Treasurer, or in the city of New York, to the City Chamberlain, within two days after he receives it. Such moneys may, after being deposited with the County Treasurer and City Chamberlain, be " paid out, transferred, invested or reinvested," only in accordance with the directions of the court embodied in an " order or decree of said court, founded upon proper and sufficient evidence satisfactory to the court that such disposition of the property is best

for the interests of the owners thereof or parties interested therein." (§ 747.) Quite evidently these provisions of the Code and the other provisions of the same title regulating the custody of such moneys can have no application to moneys in the hands of administrators vested with any discretion as to their application even though in the exercise of that discretion they may be subject to orders of the court. They were intended to provide a general system for the custody of money paid into court, to be held by the court, pending directions of the court for its ultimate application, and in using the words " moneys paid into court," both in the Banking Law and the Code of Civil Procedure, the Legislature intended to include only such money. No other moneys, though in the possession or control of an administrative officer of the court, have been " brought into court " under the prescribed conditions. (*Henkel* v. *Carnegie Trust Co.*, *supra.*)

The provisions of chapter 8, title 3, of the Code of Civil Procedure have been transferred to article 14 (§§ 133 to 137) of the Civil Practice Act, and to section 44-c and subdivision 8 of section 4 of the State Finance Law (Cons. Laws, ch. 56). Their substance remains unchanged. Their scope has not been enlarged and the priority of payment provided in the Banking Law for debts of a " depositary for moneys paid into court " still applies only to moneys paid into court as provided in these sections and deposited as permitted by subdivision 6 of section 185 and subdivision 5 of section 188 of the Banking Law (*Matter of Egan*, 258 N. Y. 334), though statutory variation in provisions for the *custody* of moneys " paid into court" does not destroy the right of priority of payment of deposits of such moneys. Accordingly, a debt arising from the deposit of moneys in the hands of an officer of the court vested with discretionary administrative powers, such as a receiver, a guardian, or a committee, is entitled to no priority of payment. (*Matter*

*of Egan, supra; Matter of Bank of United States [Moore],*
261 N. Y. 645; *Emigrant Industrial Sav. Bank* v. *Scott's
Bridge Realty Co.,* 264 N. Y. 1.)

In those cases it was clear that the moneys deposited
were not moneys paid into court as provided in article 14
of the Civil Practice Act. The problem presented was
whether the provisions of the Banking Law for priority
should be given broader scope. The scope of the pro-
visions of the Banking Law has now been defined as
coterminous with the scope of the provisions of the Civil
Practice Act. The problem presented here is whether
moneys arising from the sale of real property under a
judgment of foreclosure fall within that scope.

The referee who receives those moneys has no dis-
cretionary power in regard to their custody, adminis-
tration or application. He is simply a custodian of
moneys which can be disposed of only by direction of the
court in the same manner as moneys delivered to a
County Treasurer or the City Chamberlain. Indeed, it
cannot be disputed that the provisions of article 14 of the
Civil Practice Act would apply to the moneys received
by the referee appointed by the court to conduct a sale,
if other specific provisions had not been made elsewhere
for the custody of such moneys. Rule 261 of the Rules
of Civil Practice provided that " all surplus moneys
arising from the sale of mortgaged premises under any
judgment shall be paid by the sheriff or referee making the
sale, within five days after the same shall be received
and be ascertainable, in the city of New York to the
chamberlain of the said city, and in other counties to the
treasurer thereof, unless otherwise specially directed,
subject to the further order of the court." Practical
considerations dictated here some variations in the general
system provided by the Civil Practice Act in regard to
the custody of moneys paid into court to await further
direction of the court as to their disposition. The court
might give directions to the referee as to the disposition

of some or all of the moneys paid to him before delivery of the moneys to the County Treasurer or City Chamberlain, where otherwise such directions would be given to the permanent custodian, and delivery by the referee to the County Treasurer might be made within five days after the referee received the moneys, where otherwise delivery within two days would have been required. When the County Treasurer or Chamberlain did receive these moneys, the general provisions of the Civil Practice Act governing the custody of moneys " paid into court " applied in full force.

The Legislature, by chapter 486 of the Laws of 1930, amended section 1082 of the Civil Practice Act to provide that " all surplus moneys arising from the sale of mortgaged premises under any judgment shall be deposited by the officer appointed to conduct the sale of the premises within five days after the same shall be received and be ascertainable to the credit of the action in a bank or trust company named by the court in a final judgment * * * subject to the further order of the court." If upon motion to confirm the referee's report of sale it appears to the court that the owner of the equity of redemption is entitled to all of the surplus moneys and is the only person claiming the same, it may order that such money be paid to him. Otherwise the court must direct the referee or Sheriff to pay the moneys to the County Treasurer or, in the city of New York, to the City Chamberlain. The purpose of the statute is clear. Where right to the moneys is uncontested, the payment may be made without the formality of previous relinquishment of custody by the officer receiving the moneys to another officer.

The Banking Law does not in express terms provide that preference in payment of debts due from a bank as " depositary for moneys paid into court " shall be limited to deposits of such moneys when made by a County Treasurer or City Chamberlain, as provided by the Civil

Practice Act or the State Finance Law. This court has never read such a limitation into the statute by implication. Indeed it could not do so without eliminating the express provision of the statute that deposits of moneys " brought into court by order or judgment of any court of record of this State, or of any other State *or of the United States* " are entitled to such preference. The custody of moneys brought into court by order or judgment of a court of the United States are not subject to the provisions of the Civil Practice Act governing the payment or custody of moneys paid into a court of this State. The only test of preference is whether the banking corporation is a depositary of moneys " paid into court."

Because, at the time the Banking Law was enacted, the Code of Civil Procedure provided under a separate title for " Payment of money into court, and care and disposition thereof," we held that no moneys were " paid into court " within the purview of the Banking Law which were not " paid into court " as provided in these sections of the Code. The general system for the custody of moneys " paid into court " provided by these sections serves to define the meaning of that term. Moneys which though constructively in the possession of the court, to be administered by an officer with discretionary powers, are thus excluded. Moneys which are paid into court by order or judgment of the court as provided by these sections, to be held by a mere custodian subject to the further direction of the court, may come within the definition, though the order or judgment be made by a court of the United States, not subject to any regulations made by this State, or though the Legislature by other statute makes specific provision for the custody of particular moneys, so paid. In the earlier cases we have said or decided nothing different.

At times there may be difficulty in determining whether moneys have been paid into court as provided by article 14 of the Civil Practice Act, where other specific provision

is made for their custody. No such difficulty exists in this case, for the moneys remain in the custody of the referee only pending decision whether there are any conflicting claims thereto. If such claims are made, the moneys must be delivered to the usual custodian of moneys paid into court. Payment into court takes place when the money is delivered to a custodian authorized by the court to receive it. (Civ. Prac. Act, § 133.) Ordinarily he must then deliver the moneys paid into court to the County Treasurer or City Chamberlain. Payment into court is, none the less, complete when the money is paid to him. That is true whether he is authorized to retain the money before delivery to the fiscal officer who ordinarily is the custodian of all moneys paid into court for two days or for four months. Where a custodian authorized to receive and hold moneys paid into court is also authorized to deposit the moneys " subject to the further order of the court " the bank receiving such deposit knowingly becomes a " depositary for moneys paid into court " and the deposit is entitled to the priority of payment accorded in such case by the Banking Law. The Banking Law applies to all deposits of moneys paid into court under order or judgment of a court of record and which can be disbursed only by direction of the court in the manner provided in sections 133 to 136 of article 14 of the Civil Practice Act. Variation from the general provisions of that article in regard to the temporary custody of such moneys or the person who makes the deposit is immaterial.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.