In the Matter of HENRY D. HOLDEN, as General Guardian of MADELEINE DE S. HOLDEN, an Infant, Respondent.

HIRAM E. MEEKER, as Receiver of FIRST NATIONAL BANK IN MAMARONECK, Appellant.

(Argued February 28, 1934; decided April 17, 1934.)

*Monroe J. Cahn* and *Joseph F. Hunter* for appellant. The order is erroneous because the pleadings do not show that petitioner's deposit was a special deposit. (*Matter of Egan*, 258 N. Y. 334; *Matter of Bank of United States [Moore]*, 261 N. Y. 645; *Henkel* v. *Carnegie Trust Co.*, 213 N. Y. 185; *Matter of Forrest*, 259 N. Y. 553; *Warren* v. *Union Bank*, 157 N. Y. 259; *Matter of Kamhi*, 147 Misc. Rep. 620; *Lent* v. *Howard*, 89 N. Y. 169; *Matter of Pinchefski*, 179 App. Div. 578; *Matter of Kruger*, 139 Misc. Rep. 907; *Wilmerding* v. *McKesson*, 103 N. Y. 329; *Genessee Wesleyan Seminary* v. *U. S. F. & G. Co.*, 247 N. Y. 52.)

*Henry D. Holden* for respondent, in person. The fund involved constituted a bailment by the Surrogate's Court to the bank, being money in *custodia legis*. (*Trumphour* v. *Trumphour*, 70 Hun, 571; *Emigrant Industrial Sav. Bank* v. *Scotts Bridge Realty Co.*, 240 App. Div. 779; *Matter of Potell*, 53 Fed. Rep. [2d] 877; *Matter of Weiss & Weiss*, 17 Am. Bankruptcy Rep. [N. S.] 647; *Matter of Times Square Auto Supply Co.*, 47 Fed. Rep. [2d] 210; *Matter of Kamhi*, 147 Misc. Rep. 620; *Shawmut Corp.* v. *Bobrick Sales Corp.*, 260 N. Y. 499.)

Hubbs, J. Henry D. Holden was duly appointed the general guardian of the infant Madeleine de Sylvia Holden by the Surrogate's Court. The value of her estate being less than $5,000, the Surrogate, pursuant to section 180 of the Surrogate's Court Act, dispensed with the statutory requirement that he should furnish a bond, and joined with him William O. Clark, clerk of the Surrogate's Court, as required by the terms of that section. The order making the appointment provided " That the Clerk of this Court [William O. Clark] be and hereby is designated to collect and receive the moneys of his ward jointly with Henry D. Holden, the said guardian who is hereby directed to deposit the same in First National Bank in Mamaroneck subject to the the further order of the Surrogate."

Notice was sent to the bank advising it of the terms of the order, the appointment of the guardian, the fact that the clerk of the court was joined with him in the appointment, and the conditions of the account.

Thereafter deposits were made in the bank in the name of the guardian as such in an interest account.

The bank is a national bank, and on January 16, 1933, the Federal Comptroller of the Currency appointed the appellant receiver to take possession of the bank and its assets for the purpose of liquidation.

At the time the receiver took possession there was a balance in the bank standing in the name of the guardian. The guardian made a demand on the receiver that he turn over such balance to him as guardian. The demand was refused. Thereafter this proceeding was commenced to reclaim such balance upon the ground that the bank received the money deposited by the guardian as bailee and that title to the fund never passed to the bank.

Counsel for respondent in his brief states the question involved on this appeal as follows: " It is the sum and substance of our whole contention that there never was anything but a bailment or special deposit of the funds,

that therefore the fund never entered into or became part of the assets of the bank and of course, the Receiver can have no higher rights than the bank itself possessed."

The ordinary deposit in a bank by a fiduciary creates the relationship of debtor and creditor between the fiduciary and the bank. No preference exists under the state Banking Law (Cons. Laws, ch. 2) where a public administrator deposits the funds of the estate in a bank in his name as administrator. (*Matter of Egan*, 258 N. Y. 334.)

The same is true of a deposit made by a trustee in bankruptcy or by a committee of an incompetent, pursuant to an order of the Supreme Court (*Matter of Bank of United States [Boyd]*, 261 N. Y. 645), or of a deposit by an executor (*Matter of Forrest*, 259 N. Y. 553), or by a receiver of rents in a foreclosure action where the deposit was made pursuant to an order of the court. (*Emigrant Industrial Sav. Bank* v. *Scott's Bridge Realty Co.*, 264 N. Y. 1.)

The basis of those decisions is that the funds deposited were not court funds within the meaning of the applicable statutes. While the funds were moneys in the constructive possession of the court, they were not moneys which had been " brought into court " as provided by statute.

It is not contended in the case at bar that the funds in question are moneys " brought into court " so that a different rule should apply as in the case of *Matter of Times Square Trust Co.* (264 N. Y. 8).

Here the guardian was directed by the order of the court to deposit the moneys in the bank of which appellant is receiver. The deposits were made in strict accord with the terms of the order. The bank accepted the deposits rightfully in pursuance of the order. Assuming that the moneys were in constructive custody of the court, the bank did nothing wrongfully interfering with such custody. It accepted possession of the moneys as directed by the court to carry out the provisions of its

order and not wrongfully to interfere with the court's custody.

It mingled the moneys deposited with its other funds in the ordinary course of its business as it had a right to do. The deposits created the conventional relation of debtor and creditor between the guardian as depositor and the bank. It did not receive the deposits either as bailee or trustee. Not only had the guardian the legal right to deposit the money in his name as guardian and thereby create the relationship of debtor and creditor (*Swartwout* v. *Mechanics' Bank*, 5 Den. 555; *Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Emigrant Industrial Sav. Bank* v. *Scott's Bridge Realty Co.*, *supra*), but in doing so he was obeying the order of the court.

We are unable to distinguish this case from that of *Matter of Bank of United States* (*Boyd*) (*supra*) and the *Emigrant Industrial Savings Bank* case, in both of which the money was deposited in banks designated by a court order. As the relationship created by the deposits was that of debtor and creditor, a reclamation proceeding cannot be maintained to recover the money deposited.

The conclusion which we have reached makes it unnecessary to discuss the other questions raised. The orders should be reversed and the motion denied, with costs in all courts and ten dollars costs of motion.

The question certified should be answered in the negative.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.