## In the Matter of the Estate of ELLA V. VON E. WENDEL, Deceased.

Surrogate's Court, New York County, June 28, 1935.

*George Flint Warren, Jr.,* for the petitioners.

*De Forest, Cullom & Elder,* for The Presbyterian Hospital in the City of New York.

*Barry, Wainwright, Thacher & Symmers,* for the American Society for the Prevention of Cruelty to Animals.

*Morgan & Lockwood,* for The Massachusetts Society for the Prevention of Cruelty to Animals.

*Leonard & Walker,* for The Dobbs Ferry Hospital Association.

*Gould & Wilkie,* for the National Society for the Prevention of Blindness, Inc.

*Richard Kelly,* for The Methodist Episcopal Church Home in the City of New York.

*Griggs, Baldwin & Baldwin,* for the Trustees of the New York Annual Conference and Drew University.

*Parsons & Constable,* for the National Kindergarten Association.

*McKercher & Link,* for The New York Homeopathic Medical College and Flower Hospital.

*Otheman & Swain,* for St. Christopher's School.

*Stewart & Shearer,* for the New York Society for the Relief of the Ruptured and Crippled.

*Harper & Matthews,* for the Board of Foreign Missions of the Methodist Episcopal Church.

*Edward O. Werner,* for William Lopez Diaz.

*William J. McArthur,* for the United States Fidelity and Guaranty Company.

*Emmet, Marvin & Martin,* for the Bank of New York and Trust Company.

*Mudge, Stern, Williams & Tucker,* for The Chase National Bank of the City of New York; Bank of Manhattan Trust Compan y and President and Directors of the Manhattan Company.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Guaranty Trust Company of New York and for The Northfield Schools.

*White & Case,* for The New York Trust Company.

*Travis, Brownback & Paxton,* for the United States Trust Company of New York.

FOLEY, J. The preliminary issue, raised in this accounting proceeding, as to the rate of interest payable by the various banks in which the funds of the estate were deposited by the temporary administrators, is disposed of as follows:

I hold that the funds deposited in these banks were not "moneys paid into court" within the meaning of the statutes applicable to deposit of court funds. (*Matter of Holden,* 264 N. Y. 215; *Matter of Times Square Trust Co.,* Id. 8; *Emigrant Industrial Savings Bank* v. *Scott's Bridge Realty Co.,* Id. 1; *Henkel* v. *Carnegie Trust Co.,* 213 id. 185.) Section 188, subdivision 11, of the Banking Law, prescribing the rate of interest to be paid by depositaries of moneys paid into court, therefore, has no application.

As in *Matter of Holden (supra),* the funds here in question were moneys merely in the constructive possession of the Surrogate's Court. They were not moneys which had been "brought into court" as provided by statute. Although the deposits were made by the temporary administrators in pursuance of orders of the

surrogate, they created merely the conventional relation of debtor and creditor between the temporary administrators as depositors and the banks, subject to the jurisdiction of the court. The banks became neither bailees nor trustees of the funds. Despite the fact that the orders of the surrogate specifically directed the payment of such moneys into court by depositing them in the various designated banks, these deposits, nevertheless, could not constitute " payments into court " because of the lack of statutory authority in the surrogate to so direct. The deposits were not made under section 106 of the Surrogate's Court Act since that section authorized only the deposit of *securities for the payment of moneys,* and not deposits of moneys. Nor could such banks be designated as depositaries, in the circumstances, under the authority of any other section of the Surrogate's Court Act. The power of the surrogate, under his general equity jurisdiction, to control the acts and conduct of representatives of estates appointed by him (Surr. Ct. Act, § 40) carries with it necessarily the right to require the deposit of funds in banks or trust companies, subject to the control of the court. Such orders when made are necessarily for the protection of the assets of the estate and do not constitute moneys " paid into court " under the pertinent statutes. (*Matter of Holden, supra; Matter of Times Square Trust Co., supra.*)

The estate is, therefore, entitled to no greater interest than was paid by the various banks at the rates fixed and prescribed by the rules of the New York Clearing House Association, of which they were members.

Proceed accordingly.