In the Matter of the Guardianship of DONALD RICHARDSON, Formerly an Infant, Now of Full Age.

Surrogate's Court, Cayuga County, June 18, 1936.

*Blauvelt & Blauvelt,* for Clarence Richardson and Donald Richardson, petitioners.

*William U. Kreutzer,* for the Red Creek National Bank.

WOODIN, S. On the 26th day of November, 1930, letters of guardianship of the property of Donald Richardson, an infant, were duly issued by this court to Clarence Richardson. The decree granting said letters dispensed with the giving of a bond by said guardian, pursuant to the provisions of section 180 of the Surrogate's Court Act, and directed that the said guardian collect and receive the money belonging to said infant jointly with Charles H. Hawley, and to deposit the same in the Red Creek National Bank in the name of said Clarence Richardson, as guardian of said infant, to be withdrawn only on order of the surrogate.

It further appears that said infant's estate consisted of a cause of action against one James H. Gaeteke, which was compromised for the sum of $1,500, and the order of this court, entered on the 26th day of November, 1930, authorizing said compromise, contained a provision similar to that contained in the decree granting letters of guardianship, regulating the collection and deposit in the Red Creek National Bank, subject to the order of the surrogate. It further appears that the money, so collected, was duly deposited in said Red Creek National Bank on the 28th day of November, 1930, to the credit of said Clarence Richardson, as guardian of Donald Richardson, an infant, subject to withdrawal on order of the surrogate.

It also appears that an order of this court was granted on the 8th day of December, 1932, permitting the withdrawal from said fund of the income derived therefrom, to be used for the maintenance of said infant.

It also further appears that the Red Creek National Bank, on or about March 4, 1933, by proclamation of the President of the United States, was closed; the bank was later reopened under a conservator appointed by the Comptroller of the Currency of the United States, and for a period did business under certain restrictions and limitations. Later a reorganization of the bank was carried out under the Bank Conservation Act (U. S. Code, tit. 12, § 207), terminating the conservatorship and turning the operation of the bank back to its board of directors.

This reorganization plan, as adopted and approved, required, among other things, the consent of at least seventy-five per cent of the depositors to the deduction of thirty-five per cent of the principal of money on deposit, and, although neither said guardian nor the infant consented to such deduction, the said bank deducted the sum of $525 from said guardian's account, being thirty-five per cent of the principal of said deposit money. Said deduction was made without an order of this court:

Said infant has reached his majority, and this is a proceeding for the settlement of the guardian's accounts and to compel said Red Creek National Bank to pay over the full amount of said deposit, less the income paid over to the guardian pursuant to the order of December 8, 1932, and without the deduction of the $525 deducted by said bank.

The contention of the petitioner is that the Red Creek National Bank had no right to deduct this thirty-five per cent from this account without an order of the surrogate permitting such deduction, on the theory that the funds are moneys deposited " in court," subject to the court's order, and that the bank is merely a depository

and the relationship of debtor and creditor never existed, while the bank maintains that the deposit was not money " brought into court," but instead was a general deposit creating the relationship of debtor and creditor between the bank and the guardian, and that such deposit is not entitled to preference over others.

The question narrows itself down to this proposition: if the deposit was not money " brought into court " within the meaning of applicable statutes, and the relation of debtor and creditor exists, then the deposit has no preference over others and the guardian was bound by the action taken in the reorganization of the bank to which over seventy-five per cent of the depositors agreed.

On the other hand, if this deposit was " money brought into court " and the bank a mere bailee, a different situation as to this deposit exists. Section 207 of the Bank Conservation Act, dealing with the plan of reorganization of a closed national bank, provides, among other things, that at least seventy-five per cent of the depositors shall consent to the plan of reorganization, and that all non-consenting depositors shall be treated as if they had consented to such plan, provided, however, that the claim of depositors or other creditors which will be satisfied in full, under the plan of reorganization, shall not be included under the total depositors, in determining the seventy-five per cent thereof. This last clause indicates that deposits of a certain character were to be paid in full, and the petitioners in this proceeding must demonstrate that the infant's case was in such a class, and petitioners put reliance upon the contention that this deposit was money " brought into court."

Section 134 of the Civil Practice Act outlines the method to be followed when money is paid into court. This is by payment to the county treasurer of the county where the action is triable. Section 134 provides the manner of the disposition of such funds. Rules 30 to 34 of the Rules of Civil Practice contain further requirements governing the payment of money into or out of court. Section 229 of the Surrogate's Court Act regulates the procedure relating to money paid into Surrogate's Court and makes applicable the rules regulating money paid into the Supreme Court. It should also be noted that sections 44-a to 44-f of the State Finance Law provide for the examination of funds paid into court by the State Comptroller and the investment and disposition of court funds.

It will, therefore, be seen that moneys paid into court according to the applicable statutes stand on a different footing than ordinary deposits. It is well settled that moneys deposited in a bank by a fiduciary, such as a trustee, guardian, committee and the like, in his name as such, is not money paid into court, and that such deposit establishes the relation of debtor and creditor between the

bank and such depositor, and is not entitled to preference over other deposits.

In examining section 180 of the Surrogate's Court Act, in accordance with which the deposit in the instant case was made, we find that, before letters of guardianship are issued, the person to be appointed must qualify, as therein provided, either by giving a bond to cover the value of the infant's property, or, in case the property does not exceed $7,500, the surrogate may dispense with a bond and provide for the deposit of the money in a designated bank, to the credit of the guardian, subject to the order of the surrogate, as was done in this case.

It is conceded that if the guardian has given the usual bond and unrestricted letters had been issued to him, the deposit by him as guardian would not have created any priority over other deposits. It seems to me that the sole purpose of this section is to obviate the giving of a bond on the part of the guardian, and is merely to substitute one form of security for another. It permits the deposit in the guardian's name in the usual manner but prevents the guardian from getting hold of the money, except as allowed by the surrogate, and does not place the deposit in a preferential position over other deposits. The required order of the surrogate is merely to prevent unwarranted disposition of the fund by the guardian.

*Matter of Holden* (264 N. Y. 215) is almost identical with the instant case. In that case the order appointing the guardian directed that the guardian collect the money belonging to the infant, jointly, with the clerk of the court, and deposit the same in the designated bank to the guardian's credit, subject to the further order of the surrogate.

The bank was a national bank and a receiver was later appointed for the purpose of liquidation. The guardian contended that there was never anything but a bailment or a special deposit of the funds. The court held that the relation created by the deposit was that of creditor and debtor and the reclamation proceeding could not be maintained to recover the money deposited.

In *Matter of McCarthy* (139 Misc. 147), cited by the petitioners, the surrogate held that the deposit was a payment into court and hence the relation of debtor and creditor was not created, the bank being merely a bailee of the fund. This case was never appealed, and is directly contrary to the decision in the *Holden* case.

The petitioners point out that the Court of Appeals in the *Holden* case make the comment in the opinion that it is not contended that the fund in question is money " brought into court " and argue that if that point had been stressed the court would have so held and a different result reached. I feel that the correct interpretation of

that statement is that the court approved of the failure to contend the fund was money " brought into court." Certainly, if the court felt that, if the fund was money " brought into court " within the meaning of the applicable statutes, so that a different rule should be applied, it would have so held.

The petitioners also point out that in the *Holden* case the bank was in liquidation while in the instant case the bank underwent a reorganization. I cannot see how that fact can alter the situation. If the relation of debtor and creditor existed in the one case, it would in the other and the same rule would be applied. In other words, if the relation of debtor and creditor existed in the instant case (as the *Holden* case holds), the guardian was bound by the reorganization plan which went through with the consent of seventy-five per cent of the depositors.

My opinion is that the petitioners are not entitled to recover from the bank the thirty-five per cent deducted from the deposit in the reorganization plan.

Having reached the conclusion that the petitioners are not entitled to reclamation of said thirty-five per cent deduction, it is not necessary to decide the question, raised by the said Red Creek National Bank, as to the jurisdiction of this court in the premises, and a decree may be entered in accordance with this opinion.