In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Temporary Administrator of the Estate of EMMA B. JOHNSON, Deceased.

Surrogate's Court, New York County, June 29, 1945.

*Morris & McVeigh* for National City Bank of New York, as temporary administrator, petitioner.

*Archibald R. Watson* and *Ralph O. Willguss* for Norman W. Roe, as executor, respondent.

*Frederick M. Schlater* for George R. Dare, respondent.

*De Forest & Elder* for Norman D. Owen and another, respondents.

*Bernard Noskin* for Mary E. Miller, as administratrix of the estate of Fannie Crawford, deceased, respondent.

*Sullivan & Cromwell* for Pansy S. Lee and others, respondents.

*Gerald Fitzgerald* for St. Faith's House, respondent.

*Coombs & Wilson* for Industrial Home for the Blind, respondent.

*Blake, Voorhees & Stewart* for Long Island College Hospital, respondent.

Foley, S.   In this contested accounting proceeding of the National City Bank of New York as temporary administrator, Norman W. Roe, as executor of the estate, filed certain objections to the account.   One of these objections is disposed of by this decision.   The remaining objections are deferred for subsequent determination.

The objection here involved is directed to the failure of the bank to credit its account with interest on moneys of the estate deposited with it during the time it was designated as a depositary by orders of the Surrogate's Court of Suffolk County. These orders were made pursuant to section 106 of the Surrogate's Court Act for the purpose of reducing the bond of the two individual temporary administrators appointed by the Surrogate's Court of Suffolk County.

It is claimed by the objectant that the bank became liable for interest on the moneys deposited under the provisions of subdivision 4 of section 100-b of the Banking Law. The objection is overruled.

Under subdivision 4 just referred to there is no liability for interest except by " a depositary of moneys paid into court " or moneys of an estate " collected, received and held " by a corporate fiduciary.

The bank here was subsequently appointed temporary administrator by the Surrogate's Court, New York County. It is an undisputed fact that it has credited interest in full on estate moneys during the period in which it acted as temporary adminstrator. The distinction between moneys paid into court and moneys under the control or custody of a court has been the subject of repeated decisions by the Court of Appeals. (*Matter of Holden,* 264 N. Y. 215; *Matter of Times Square Trust Co.,* 264 N. Y. 8; *Emigrant I. S. Bank* v. *Scott's Bridge Realty Co.,* 264 N. Y. 1; *Henkel* v. *Carnegie Trust Co.,* 213 N. Y. 185.)

*Matter of Holden* (*supra*) is particularly applicable here. There the deposit was directed to be made under section 180 of the Surrogate's Court Act which permits the dispensation of the bond of the general guardian of the property of an infant by a deposit in a bank designated in the decree of appointment of the general guardian jointly with an officer of the Surrogate's Court. The bank went into liquidation. A preference was claimed under section 188 of the Banking Law which was the predecessor section of present section 100-b of that statute. The claim of priority of payment as against other depositors of the bank was denied. The Court of Appeals held that these moneys did not constitute moneys " paid into court ".

That class of deposits is limited to those expressly authorized in article 14 of the Civil Practice Act and in other statutes. (*Matter of Times Square Trust Co., supra.*) The distinction between these two forms of deposits is demonstrated by the provisions of the Surrogate's Court Act where in one case the moneys are under judicial supervision as in the pending pro-

ceeding, and in the other case, certain provisions of the act provide for the payment into the Surrogate's Court.

In *Matter of Wendel* (160 Misc. 662, 663) I held under almost similar facts to those involved here that moneys of an estate deposited by the temporary administrators " were not ' moneys paid into court ' within the meaning of the statutes applicable to deposit of court funds." I cited the cases quoted above. I pointed out that the relationship between the depositary and the estate was merely the conventional relation of debtor and creditor. I denied a claim for interest as against the bank designated as the depositary in the order appointing the temporary administrators. On the subordinate question discussed by me in that decision as to the omission from section 106 of the Surrogate's Court Act of a provision for the deposit of cash, as contrasted with a deposit of securities, I hold that the amendment to that section made by chapter 393 of the Laws of 1935 did not add a requirement for the payment of interest by a depositary. The cited decisions of the Court of Appeals in the construction of the pertinent sections of the Banking Law indisputably preclude any right to interest upon the deposited funds.

The Surrogate further holds that during the period in dispute the bank was not a fiduciary and did not act " in any fiduciary capacity " under subdivision 4 of section 100-b of the Banking Law.

A decree may be submitted on notice settling the account and reserving for determination by supplemental decree the other issues raised by the objections of the charitable residuary legatees and by Mr. Roe in his capacity as executor and as a residuary legatee.