William C. REICHLING, as Trustee of the Alpat Sheet Metal Corp. Profit Sharing Plan and Trust, Plaintiff,

v.

CONTINENTAL BANK, Defendant.

No. CV 92–5577.

United States District Court, E.D. New York.

Feb. 12, 1993.

Michael Salgo, Mineola, NY, for plaintiff.

Holman & Rosenberg by Gerald P. Rosenberg, Roslyn Heights, NY, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

William C. Reichling ("plaintiff"), as Trustee of the Alpat Sheet Metal Corp. Profit Sharing Plan and Trust (the "Trust"), brings the instant suit against Continental Bank ("Continental" or "defendant") to recover $16,536.99 allegedly belonging to plaintiff, a depositor in Continental, that Continental turned over to the Nassau County Sheriff in response to an execution served upon it. Plaintiff contends that the execution relates to an unrelated corporate debt and that defendant wrongfully turned over the Trust's funds to the Sheriff without consultation with, or approval from, the Trustee of those funds. Plaintiff invokes this Court's jurisdiction based on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 185(a) and 29 U.S.C. § 1132.[1] Now before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons stated below, the motion is granted.

## DISCUSSION

Plaintiff alleges that Continental unilaterally exercised discretion and acted in a fiduciary capacity as defined by ERISA § 3(21)(A), 29 U.S.C. 1002(21)(A)(i) when it wrongfully removed plan assets from the Trust's account in violation of ERISA's antialienation provision. *See* ERISA

---

1. ERISA § 185(a) pertains to "suits for violation of contracts between an employer and a labor organization ... or between any such labor organizations...." Plaintiff's suit does not involve a claim by or against a labor organization. Consequently, § 185(a) is inapplicable to invoke the jurisdiction of this Court in the instant case. Plaintiff does not dispute this point in his Memorandum of Law.

§ 206(d)(1), 29 U.S.C. § 1056(d)(1).[2] *See also Patterson v. Shumate,* — U.S. —, —, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992) (the Supreme Court "vigorously has enforced ERISA's [antialienation] prohibition ... declining to recognize any implied exceptions to the broad statutory bar"); *Lowen v. Tower Asser Management, Inc.,* 653 F.Supp. 1542, 1550 (S.D.N.Y.), *aff'd,* 829 F.2d 1209 (2d Cir.1987) (under ERISA the term "fiduciary" is to be liberally construed). Thus, plaintiff contends that this Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

In response, defendant argues that § 1132 is inapplicable because the alleged wrong which plaintiff seeks to remedy is not the same sort of wrong that was contemplated by Congress. Defendant contends that it was not a fiduciary of the Trust and that it had no discretionary authority over the Trust's assets.

■ It is well-settled under New York law that the relationship between a bank and its depositor is the contractual relationship of debtor and creditor and the amount on deposit represents an indebtedness by the bank to the depositor. *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank,* 731 F.2d 112, 122 (2d Cir.1984); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chemical Bank,* 57 N.Y.2d 439, 456 N.Y.S.2d 742, 745, 442 N.E.2d 1253, 1256 (Ct.App.1982); *Sundail Construction Co. Inc. v. Liberty Bank of Buffalo,* 277 N.Y. 137, 141, 13 N.E.2d 745 (1938). Moreover, the fact that the funds deposited are those of a fiduciary, does not change the debtor/creditor relationship between the depositor and the bank. *Matter of Holden,* 264 N.Y. 215, 217, 190 N.E. 413 (1934); *Brigham v. McCabe,* 27 A.D.2d 100, 276 N.Y.S.2d 328 (3d Dep't 1966), *aff'd,* 20 N.Y.2d 525, 285 N.Y.S.2d 294, 232 N.E.2d 327 (Ct.App. 1967). Furthermore, "[t]he money deposited with the bank belongs to the bank and is not the property of the depositor. The property of the depositor is the indebtedness of the bank to it, a mere chose in action." 9 NY Jur.2d, Banks, § 238. Finally, defendant presented the Court with its internal rules and regulations which set forth the non-discretionary acts that bank officers must take when presented with a sheriff's execution.

■ Every court that has examined the question of whether a bank can be an ERISA fiduciary based on the bank's activities as a mere depository or lender to a trust fund has determined that the bank's lack of discretion in these activities precludes it from being deemed a fiduciary. In *O'Toole v. Arlington Trust Co.,* 681 F.2d 94 (1st Cir.1982), the First Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction of an ERISA claim brought by trustees of a pension fund plan which alleged that the depository for such funds had used them to offset loans it had made to the plan sponsor. Although the plaintiffs argued that Arlington Trust was a fiduciary under ERISA § 3(21)(A), the court held to the contrary, finding that "[the bank's] responsibilities as the depository for the funds do not include the discretionary advisory activities described by the statute...." *Id.* at 96.

Similarly, in *Useden v. Acker,* 947 F.2d 1563 (11th Cir.1991), *petition for cert. filed* (U.S. June 1, 1992), the Eleventh Circuit affirmed the granting of summary judgment in an ERISA case in favor of a bank that had loaned money to a trust fund. Although, pursuant to the terms of the loan, the bank required the trust fund to pledge additional collateral for its outstanding loan, and ultimately liquidated that collateral, the court found that the bank was not a fiduciary within the meaning of ERISA § 3(21)(A) because such acts did not amount to management of the Plan itself.

---

**2.** Title 29 U.S.C. 1002(21)(A)(i) defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its asset." *See also Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142–43, 105 S.Ct. 3085, 3090, 87 L.Ed.2d 96 (1985) (fiduciary duties "relate to the proper management, administration, and investment of fund assets"). Title 29 U.S.C. 1056(d)(1) states that "benefits provided under the plan may not be assigned or alienated."

*Id.* at 1575. "As under ordinary debtor-creditor agreements, ... [the bank's] powers were specifically limited." *Id. See also Brandt v. Grounds,* 687 F.2d 895, 897–98 (7th Cir.1982) (affirming the dismissal of ERISA claims brought by the trustee of a trust fund/depositor against a bank; the trustee alleged that certain of those trust funds had been converted through the fraud and forgery of a former trust fund trustee); *Hibernia Bank v. International Bhd. of Teamsters,* 411 F.Supp. 478, 489–90 (N.D.Cal.1976) (bank is not a fiduciary based on its depository and agency relationship with ERISA plan).

In the instant case, plaintiff cannot contend that its connection with Continental is anything more than a simple debtor-creditor relationship. Consequently, the instant case is no more than a common breach of contract action that should be litigated in state court.

### CONCLUSION

Accordingly, for the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

SO ORDERED.